## Henry H. Andrews *vs.* Jeremiah Lyons.

In order to create an estoppel *in pais*, the declarations or acts relied upon must have been accompanied by a design to induce the party who sets up the estoppel to act upon them.

CONTRACT upon a promissory note for $122.47, dated September 25th 1861, payable to the order of the maker in forty-five days after date, and by him indorsed in blank. The answer alleged that the note was given for intoxicating liquors sold in violation of law, and that the plaintiff was not the owner of it, but that it belonged to the assignee in insolvency of Chamberlain & Waugh.

At the trial in the superior court, before *Ames*, J., it appeared that the note was given to Chamberlain & Waugh, for intoxicating liquors sold in violation of law; that they went into insolvency in January 1862; that at some time in 1862 Waugh offered the note for $115 to the plaintiff, who before closing the bargain showed it to the defendant and inquired whether it was "all right," to which the defendant replied, "Yes, it is all right; I shall pay it soon." The assignee in insolvency authorized this suit to be prosecuted by the plaintiff.

The judge instructed the jury that the possession of the note

was *prima facie* evidence of title in the plaintiff, and would *prima facie* authorize the plaintiff so to fill up the indorsement as to make it payable to himself, and would be sufficient proof of title in the plaintiff, unless it were shown affirmatively that the assignee claimed the note adversely to the plaintiff; and that if the plaintiff, before purchasing the note, received from the defendant what could reasonably and fairly be understood as an assurance that it was a lawful, valid and binding note, and would be paid without objection, and if the plaintiff was induced by that assurance to become the purchaser of the note, the defendant would thereby be estopped to set up against the plaintiff the defence of illegality in the consideration of it.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*L. M. Child*, for the defendant.

*B. Dean*, for the plaintiff.

COLT, J. The possession of a promissory note payable to bearer, or of a note payable to the maker's order and by him indorsed in blank, which makes it in legal effect a note payable to bearer, is sufficient *prima facie* evidence of the plaintiff's title to sue thereon. And the ruling of the court upon this point was correct. *Pettee* v. *Prout*, 3 Gray, 502. *Way* v. *Richardson*, Ib. 412.

But the defendant requested the court to rule that he was not estopped, upon the evidence produced, from setting up the illegality of the consideration of the note. This request was refused, and such instructions were given as authorized the jury to find that the defendant was so estopped. And we think the defendant's exceptions to this refusal and to the instructions given on this point are well taken.

The modern doctrine on this subject of estoppels *in pais* is thus stated by Lord Campbell, in *Howard* v. *Hudson*, 2 El. & Bl. 10 : " If a party wilfully makes a representation to another, meaning it to be acted upon, and it is so acted upon, that gives rise to what is called an estoppel. It is not quite properly so called ; but it operates as a bar to receiving evidence contrary to that representation, as between those parties. Like the

ancient estoppel, this conclusion shuts out the truth, and is odious, and must be strictly made out. The party setting up such a bar to the reception of the truth must show that there was a wilful intent to make him act on the faith of the representation, and that he did so act."

The law is thus stated, in affirmation of the decision in *Pickard* v. *Sears*, 6 Ad. & El. 469, and *Freeman* v. *Cooke*, 2 Exch. 663. And the law of these cases has been adopted and approved in the decisions of this court. *Coggill* v. *Hartford & New Haven Railroad*, 3 Gray, 549. *Osgood* v. *Nichols*, 5 Gray, 420. *Audenried* v. *Betteley*, 5 Allen, 384. *Plumer* v. *Lord*, 9 Allen, 455. *Langdon* v. *Doud*, 10 Allen, 437.

Applying this doctrine to the facts disclosed in this case, it will be seen that there is no evidence that the defendant, at the time he made the statements which it is insisted that he is concluded from denying, had any knowledge that the plaintiff intended to act upon the statements made in purchasing the note, or otherwise changing his position in regard to it. There is nothing in the evidence inconsistent with a belief on the part of the defendant, at the time he made the alleged statements in regard to the validity of the note, that the plaintiff was then the owner of it, or was acting as agent to obtain information for the assignees of the payees of it. The proof therefore entirely fails to establish the important element of knowledge and intent, on the part of the defendant, that the representation was to be acted on by the plaintiff. Estoppels are not favored in law, and everything necessary to establish them must be strictly made out in evidence.

The instructions to the jury are objectionable in authorizing them to find for the plaintiff in the absence of evidence which upon the law as above stated was necessary to make the statements of the defendant in regard to the note conclusive upon him.                    *Exceptions sustained.*