Rule made absolute.

---

## Case No. 17,770.

### WILLIS v. CARPENTER et al.

[14 N. B. R. 521.] [1]

Circuit Court, D. Massachusetts. Sept. 1, 1876.

ESTOPPEL—OCCUPYING INCONSISTENT POSITIONS——INSTRUCTIONS—REVIEW ON APPEAL.

1. Where a person, by his words or conduct, willfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.

2. If a party who took a bill of sale as security, deliberately proves a debt which assumes that he is the absolute owner of the goods, and persists in such false claim in an action by the assignee to recover the goods, and attempts to support it by his own oath, he is estopped from claiming them as security.

3. Instructions are entitled to a reasonable construction, and if correct, when applied to the facts submitted to the jury, they will be sustained in an appellate court, even though, if standing alone, or without any explanation, they would be incomplete in respect of some matter sufficiently explained in the evidence.

[Error to the district court of the United States for the district of Massachusetts.

[This was a proceeding by Charles Carpenter and others against Charles J. Willis. From a decree of the district court in favor of plaintiffs (case unreported) defendant appealed.]

J. B. Richardson, for plaintiff in error.

M. F. Dickinson, Jr., for defendants in error.

CLIFFORD, Circuit Justice. Owners of property may be estopped to set up their title to the same, if it appears that they failed to assert such title when it was claimed by another, and that they suffered such claimant,

---

[1] [Reprinted by permission.]

without objection, to sell the property to an innocent third person for a valuable consideration. Defenses of the kind have often been made with success, until it may be said that the rule of law is clear, that where one, by his words or conduct, willfully causes another to believe the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time. Pickard v. Sears, 6 Adol. & E. 469; Freeman v. Cooke, 2 Exch. 654; Swain v. Seamans, 9 Wall. [76 U. S.] 254. Process was issued in this case in the name of the plaintiffs, as assignees of the estate of Edgar C. Merrill, duly adjudged a bankrupt, in which they allege that the defendant, on the 1st day of February preceding the date of the writ, unlawfully, and without any justifiable cause, took the goods and chattels therein described, which belonged to the plaintiffs; and the charge is, that he unlawfully detains the same, to the damage of the plaintiffs in the sum of six thousand dollars. Service was made, and the defendant appeared and filed an answer, in which he denied every allegation contained in the writ and declaration. Pursuant to that issue the parties went to trial, and the jury, under the instructions of the district court, returned their verdict in favor of the plaintiffs, assessing the damages at one dollar. Judgment was rendered for the plaintiffs, and the defendant excepted and sued out the present writ of error.

Enough appears to show that Merrill—who was at the time, and for several years previously had been, a manufacturer of emery wheels, and who was also the patentee of an invention for the manufacture of artificial stone—employed the defendant to act as his selling agent; and that the defendant, in pursuance of that business, subsequently leased and occupied the store in Boston, more particularly described in the record; that the bankrupt, on the 26th of March, 1873, gave to the defendant a bill of sale of the emery wheels then in that store, for the sum of five hundred and ninety-eight dollars and ninety cents; and the parties agree that this suit is brought to recover the wheels conveyed by that bill of sale, or a large part thereof. Willis continued to act as the selling agent of Merrill till December 22, 1873, when he became bankrupt, and was so adjudged by the bankrupt court. It also appears that the defendant was present at the first meeting of the creditors, and that he proved a claim against the estate of the bankrupt amounting to five thousand seven hundred and eleven dollars and ninety-one cents, consisting of a promissory note and the annexed accounts. In that claim he credited the estate of the bankrupt with five hundred and ninety-eight dollars and ninety cents, for the emery wheels in the said store, and which are described in the bill of sale. On petition of the assignees, and due notice to the defendant, the claim was subsequently expunged and

rejected as false and fraudulent, the defendant failing to appear pursuant to the notice. Testimony was also given, by one of the plaintiffs, that the defendant told him, that he (Willis) owned the emery wheels, and that he held them by virtue of the said bill of sale. Opposed to that are the statements of the defendant, who testified that the bill of sale was given by the bankrupt to him as security for money which he loaned to the bankrupt at various times, and the expenses which he incurred in renting and fitting up the store, and in carrying on the business of selling the emery wheels and the artificial stone. All such pretenses were denied by the plaintiffs, and they gave evidence tending to show that the bill of sale was intended as a cover to protect the goods from attachment by the creditors of the bankrupt.

Evidence having been introduced by both parties, the district court instructed the jury, that if the defendant knowingly, willfully, and with intent to defraud the creditors of the estate of the bankrupt, swore to and proved a claim which contained a credit based upon the statement that he had bought the goods in question for five hundred and ninety-eight dollars and forty cents, when in fact they were worth about five thousand dollars, and when in fact he held the same only as security, he is now estopped from claiming to hold them as security. Beyond all question it is necessary to establish an equitable estoppel, to show that the party seeking to avail himself of that defense was misled by the acts, conduct, or declarations of the opposite party. Much discussion of that proposition is unnecessary, as the authorities are all one way. Jewett v. Miller, 10 N. Y. 402; Turner v. Waldo, 40 Vt. 51; Andrews v. Lyons [11 Allen] 93 Mass. 349; Langdon v. Doud [10 Allen] 92 Mass. 435; Cole v. Bolard, 22 Pa. St. 431. Suppose that is so, still it by no means follows that there is any error in the record, as the evidence reported shows not only that the defendant claimed the absolute title to the property, but that he actually proved a claim against the estate of the bankrupt, in which he gave a credit to the estate for the same at the sum specified in the bill of sale. Standing alone, the charge would be objectionable, for the reason that it does not in terms set forth the condition that the assignees were misled by deceptive acts and fraudulent conduct and declarations of the defendant. But the charge of the court does not stand alone, nor would it be correct to separate it from the rest of the bill of exceptions of which it forms a part. Instead of that it should clearly be construed in respect to facts to which it was applied when it was given to the jury; and when so applied, it is manifest that it was sufficient to enable the jury to come to a just conclusion, both as to the law and the facts of the case. Sufficient appears to show that the defendant deliberately proved a claim which assumed that he was the absolute owner of the goods, and that his claim was false and

fraudulent; nor was the defendant relieved from the consequences of his false conduct and deed—as shown by the fact that the truth was subsequently discovered by the assignees—for it appears he persisted in the false claim at the trial, and attempted to support it by his oath. Viewed in that light, it is clear that the evidence presented all the essential elements of an equitable estoppel, and that it was amply sufficient to justify the instruction of the court when applied to the facts given in evidence. Bigelow, Estop. 450; Horn v. Cole, 51 N. H. 287; Knights v. Wiffen, L. R. 5 Q. B. 660. Fraudulent acts of the kind find no countenance in any adjudged case within the knowledge of the court. On the contrary the rule of law is well settled that where a bailee fraudulently retains goods from the general owner, on grounds wholly different from any right which he possesses, he thereby waives a tender of his rightful claim to the same, by virtue of the principle of estoppel. Boardman v. Sill, 1 Camp. 410, note; Jones v. Tarleton, 9 Mees. & W. 675; Weeks v. Goode, 6 C. B. (N. S.) 367; Everett v. Saltus, 15 Wend. 474; Adams v. Clarke, 63 Mass. [9 Cush.] 215.

Instructions given by a court to the jury are entitled to a reasonable construction, and if correct when applied to the facts submitted to the jury, they ought to be sustained in an appellate court, even though if standing alone, or without any explanation, they would be incomplete in respect of some matter sufficiently explained in the evidence. Tested by these considerations, I am of the opinion that there is no error in the record. Judgment affirmed with costs.