# SUPREME COURT

AT THE

JANUARY TERM, 1872, HELD IN VIRGINIA CITY.

Present:

HON. DECIUS S. WADE, CHIEF JUSTICE.
HON. HIRAM KNOWLES, } JUSTICES.
HON. JOHN L. MURPHY, }

---

KEMP, respondent, *v.* McCORMICK et al., appellants.

PLEADING — *abbreviation of name of party.* A party can be described in a pleading by a known and accepted abbreviation of his christian name.

ESTOPPEL — *denial of name — promissory note.* The maker of a promissory note is estopped from denying his name or that of the payee as it is written in the note.

PLEADING — *counter-claim to joint debt — promissory note.* In an action on a promissory note against two makers, who are jointly liable, one of them cannot plead as a counter-claim an individual debt due from the payee to himself, unless he alleges that the payee is insolvent, or an equitable ground of defense.

*Appeal from the Third District, Lewis and Clarke County.*

KEMP commenced this action in October, 1871, and described himself in the complaint as "Alex. Kemp," and the defendants as "Jno. McCormick" and "Wm. H. Taylor." The cause of action was the following instrument :

"$650.                    HELENA, M. T., *Mar.* 1*st,* 1871.

"On the first day of June next we promise to pay Alex. Kemp or order the sum of six hundred and fifty dollars, for value received, with interest after due at the rate of two per cent per month till paid.

                              "JNO. McCORMICK,
[Stamp.]                      "WM. H. TAYLOR."

Kemp was described in the summons as "Alex. Kemp."

In November, 1871, Kemp filed an amended complaint and was described as "Alexander Kemp."

The answer of John McCormick set forth that there was a variance between the original complaint and summons, and the amended complaint, in the description of the plaintiff as "Alex. Kemp" and "Alexander Kemp ;" and that the note was made to "Alex. Kemp," while the amended complaint was filed in the name of "Alexander Kemp ;" and that his name was not "Jno. McCormick," but "John McCormick."

The other facts appear in the opinion.

The court, WADE, J., rendered judgment in favor of Kemp on the pleadings, and McCormick appealed.

CHUMASERO & CHADWICK, for appellants.

The court erred in striking out the answer. The summons did not state correctly the parties to the action. A party is bound to know his own name, and must sue and be sued by it. The misnomer is properly pleaded by way of answer. Respondent could have amended under section 68 of the practice act. If the answer was not true, respondent could have taken issue by replication.

The answer sets up a partial defense. It is claimed that

the prayer for relief is too broad. The facts and not the prayer settle the relief to be granted. *Rollin* v. *Forbes,* 10 Cal. 299 ; *People* v. *Merrill,* 26 id. 336; Civ. Prac. Act, § 147 ; Voorhies' Code, § 275.

An answer is not frivolous if it sets up facts that may constitute a defense, if properly averred. Voorhies' Code, 298, note *c.* The decisive question is this : Does the counter-claim or set-off in the answer constitute facts entitling the appellant to recover money from respondent in a separate answer ?

CULLEN & COMLY, for respondent.

It is proper to describe a party by an abbreviation of his christian name. 1 Greenl. Ev. 11, 8, note 7 ; 5 U. S. Dig. 51, title Name. The misspelling of appellant's name comes under the principle of "idem sonans." 1 Bouv. L. D. 596. Appellant, having signed his name as alleged, is estopped from denying it. 2 Bouv. L. D. 198, § 11.

A claim due to one only of several defendants, sued upon a joint liability, cannot be set up as a counter-claim in a suit upon the joint debt. *Peabody* v. *Bloomer,* 3 Abb. Pr. 353 ; Waterman on Set-offs, 280–282 ; *Woods* v. *Harris,* 5 Blackf. 585 ; *Stone* v. *McConnell,* 1 Duvall, 54 ; *Howard* v. *Shores,* 20 Cal. 277.

MURPHY, J. This is an action on a promissory note executed by McCormick and one Taylor, and payable to Kemp.

A demurrer was filed to the original complaint, which was confessed, and an amended complaint filed, to which defendant McCormick filed a separate answer, setting up the misnomer of the plaintiff and defendant, and also a set-off or counter-claim.

Plaintiff filed a motion to strike this answer from the files and for judgment on the complaint as by default, on the ground of being frivolous, sham, irrelevant and presenting no defense.

This motion was sustained, and judgment in favor of

plaintiff entered by the court below, to which defendants appealed.

1. As to the question of misnomer, raised by the record, we hold that it is sufficient to describe a party to an action by any known and accepted abbreviation of his christian name, and that the defendant, having signed his name to the note in question with such abbreviation, is now estopped from denying it.

2. As to the question of set-off or counter-claim also raised by the record:

Can a claim, due to one of several defendants, be set up as a counter-claim in a suit against such defendants upon a joint debt or liability?

We think not in this instance.

The law of set-offs in this Territory is regulated by the 47th section of our civil practice act.  Laws of 1867, 143.

It provides, that the claim to be set off, "shall be one existing in favor of the defendant or plaintiff, and against a plaintiff or defendant, between whom a several judgment might be had in the action," etc.

This is the same as the California statute on the subject of set-off, and in a judicial construction of the same (20 Cal. 281), the converse of the proposition here was there held, where a joint debt was sought to be set off against an individual debt.

And upon the same principle an individual debt cannot be set off against a joint debt or liability.

The demand sought to be thus set off must be due to all of the defendants, before it can be interposed as a set-off, in the absence of express provisions of the statute to the contrary, unless it should be upon purely equitable grounds, by averment and proof of insolvency, etc., which has not been attempted in this case.

There is no error in the action of the court below in striking out the answer and rendering judgment upon the complaint.

The judgment is affirmed.

*Judgment affirmed.*