Mapstrick v. Ramge.

JOSEPH MAPSTRICK AND OTHERS, PLAINTIFFS IN ERROR, V.
FRANK RAMGE, DEFENDANT IN ERROR.

1. **Action on the Case for Conspiracy and Damage.** The
defendants, to the number of eighteen, were engaged by the
plaintiff as journeymen tailors to do tailoring work for plain-
tiff by the piece. They conspired together to stop work sim-
ultaneously, and return all work in an unfinished condition.
On the thirty-first of March, 1876, they did stop work, and
returned to the plaintiff various and numerous pieces or jobs
of work (garments) in an unfinished state, which were en-
tirely worthless in such unfinished condition. Plaintiff could
not get any workmen to finish said jobs, to plaintiff's damage,
etc. *Held*, that a bill of particulars in the county court, set-
ting up the above facts, contained facts sufficient to constitute a
cause of action.

2. **County Court:** POWER TO TRY CAUSE BY CONSENT ON AND
AFTER THIRD MONDAY OF TERM. The third Monday of the
month was the fifteenth day. On Saturday, the 13th, the par-
ties struck a jury, and by consent the venire was made return-
able on the following Monday, on which day the parties met
with their witnesses and tried the cause, and again by consent
continued the same until the 17th for argument. *Held*, that
said county court had jurisdiction to so try said cause by con-
sent of parties, on and after the third Monday of the month.

ERROR to the district court of Douglas county. In
the county court, where the action was brought,
Ramge, plaintiff there, had verdict and judgment in
his favor, which was affirmed on error in the district
court. From the judgment of affirmance Mapstrick

NOTE.—When the court has jurisdiction of the subject matter of
the suit and the person of the defendant, and the defendant has
some privilege which exempts him from jurisdiction, he may waive
that privilege. *Johnson v. Jones*, 2 Neb., 185. So in an action
against a public officer brought in a different county from that in
which he held his office, where he appeared and pleaded of the merits
of the case, it was held an absolute waiver of all objections to the
jurisdiction of the court. *Kane v. U. P. R. R.*, 5 Neb., 105.—REP.

and others, defendants in the county court, brought the case here upon a petition in error.

*N. J. Burnham*, for plaintiff in error.

There is no conspiracy in this case. Conspiracy in the eye of the law is the corrupt agreeing together of two or more persons to do by concerted action something unlawful as a means or end. Bishop, sec. 149. The act must be unlawful, and it must be injurious to an individual or the public, by reason of the combination. When the injury contemplated by the conspiracy is of the former class, and is meant to fall upon an individual in distinction from the public at large, the combination must be of a nature to place the conspirators on an unfair ground toward him, a ground which alone one with the evil intent would not occupy—and whether an individual or the public is to be wronged, the wrong must be of a sufficient magnitude for the law to notice. Taking this case in the light of the above rule of law, there is certainly no conspiracy. *Commonwealth v. Hunt*, 4 Met., 111. As to the offense of the conspiracy itself, there is no difference whether the unlawful thing is the means or the end. If both means and end are unlawful *a fortiori*, the offense is constituted. If neither is unlawful there is no offense. *State v. Rickey*, 9 N. J. Law, 293. *State v. Norton*, 23 Id., 33.

Plaintiff further claims that, although a waiver as to personal service may be held, they cannot waive that which they have no power to control; that is, they cannot, by appearing on a day after said term has expired, give the court, even by consent, that which the legislature has expressly provided it shall not have. Consent cannot give jurisdiction to the subject matter. *Thompson v. Steamboat J. D. Morton*,

20 Ohio State, 26.    *Place v. Welch*, 3 W. L. M., 611.
If the court has not the capacity to try a question, except under particular conditions or when *approached* in a particular way, the parties cannot by *consent* waive the conditions or approach the court in any other way. An order made under such circumstances will be absolutely void.    *Walker v. Walker*, Ex. 4, W. L. M., 32.

*John L. Webster* and *Ralph E Gaylord*, for defendant in error, cited *Johnson v. Jones*, 2 Neb., 135.    *Kane v. U. P. R. R.*, 5 Neb., 105.    *Barnes v. Badger*, 41 Barb., 98.    *Fiero v. Reynolds*, 20 Barb., 275.    *Jacobs v. Morange*, 1 Daly, 527.    *People v. Brennan*, 3 Hun., 671.

COBB, J.

The plaintiff in error makes two points: *First*, that the petition in the court below does not state facts sufficient to constitute a cause of action; and *second*, that said cause, which was originally tried in the county court of Douglas county, was argued and submitted to the jury, verdict rendered, etc., on the seventeenth day of May, 1876, that being after the third Monday of the month, at a time when the court had no authority to act.

The petition is certainly rather scant, and had a motion been made for an order requiring the plaintiff to make it more definite and certain, it would probably have been sustained. But after verdict, I think the allegations of the petition sufficient to sustain the judgment.

The petition alleges that the plaintiff was damaged by reason of the defendants having, pursuant to a conspiracy previously formed between themselves, on the thirty-first day of March, 1876, stopped working for the plaintiff, and returned to him all jobs of work then

in their hands in an unfinished condition, and did. return to the plaintiff various and numerous pieces or jobs of work (tailoring) in an unfinished state, which were entirely worthless in said unfinished condition. That said plaintiff could not at said time get any men to finish said. work. Whereby said plaintiff had been damaged in the sum of $371.00.

One of the issues made by the answer was that the plaintiff sustained no damage by reason of the return to him by the defendants of the said jobs (garments) in such unfinished condition, and there was testimony before the jury in the county court to that point. I do not think that there is much difficulty in the proposition that, where a merchant tailor has a large number of journeymen working for him by the piece, making up garments for his customers out of material furnished by him for that purpose, and by a preconcerted arrangement among themselves the journeymen, instead of finishing the work and thus enabling him to keep his engagements with his customers, all return the garments in an unfinished state, he would be damaged as well directly, in losing the money which his customers would have paid him if he could have delivered the garments to them in a finished condition, as indirectly, by the loss of customers and the damage to the character of his house for punctuality.

The case of *Jones v. Baker & Westervelt*, 7 Cowen, 445, is in point, and I quote a part of the syllabus:

"In all other cases of conspiracy the remedy is by action on the case, and one may be convicted and the other acquitted. In these actions actual conspiracy need not be proved; it may be inferred from circumstances, among which are the acts of the parties in doing the injury which was the object of the conspiracy.

"J., a merchant tailor, was engaged in carrying on a profitable trade in his line of business from New

York to New Orleans, the successful prosecution of which depended on a knowledge of certain things known to so few that his gains were very large.   B. conspired with J.'s foreman, in J.'s absence, to obtain the secrets of the business.   Did obtain them; and was in consequence enabled to rival J. in his trade; and J. was otherwise injured.   *Held*, That an action on the case lay against B. and the journeyman, at the suit of J., for the conspiracy; and that one of the defendants might be convicted and the other acquitted.

"In such a suit the damage is the gist of the action, not the conspiracy."

In the case at bar, while the allegation of damage is not set out with that method which would entitle it to be regarded as a model of pleading, yet it was sufficient to inform the defendants of the plaintiff's claim and the general nature of the proofs necessary to meet it.   Upon the trial there was proof of the plaintiff's damage, and this court cannot say that such proof was insufficient to sustain the verdict.

As to the second point.   The General Statutes, page 265, section 7, provide that "   *   *   *   such regular terms shall be deemed to be open, without any formal adjournment thereof, until the third Monday of the same month, when all causes not then finally determined shall be continued by such court to the next regular term."   That year, 1876, it appears that the third Monday of May was the fifteenth day of the month.   From the record it appears that on the thirteenth (Saturday), by consent of parties, a venire for a jury, which had on that day been struck in the case, was issued, returnable on the fifteenth.   That on the fifteenth the parties met with their witnesses and a trial was had; when again, by consent, the cause was continued for argument to the 17th.

The statute above quoted is clearly directory, and

was designed for the convenience of parties to suits and their attorneys, and probably also that of the county judges themselves, many of whom are attorneys practicing in the higher courts. While consent does not give jurisdiction over the subject matter, it does over the person, and it is clearly competent for a party to waive a provision of law designed only for his convenience. But leaving the consent of parties out of view, suppose the venire had been made returnable Saturday and the trial had commenced on that day, but could not be completed until Monday, or not even then, would not the letter of the law have been obliged to yield to the reason of the rule and the very necessities of the case, and would it not have been the duty of the court to have gone on and completed the trial, had it taken the entire week? This proposition is so clear that it need only to be stated.

The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.