MARY O'CONNOR *vs.* R. C. JEFFERSON, impleaded, etc.

December 30, 1890.

**Complaint for Conspiracy.**—Complaint *held* sufficient to charge all the defendants with liability for a conspiracy, carried into effect, to defraud plaintiff of her property.

Appeal by defendant Jefferson from an order of the district court for Ramsey county, *Kelly,* J., presiding, overruling his separate demurrer to the complaint.

*C. H. Benedict,* for appellant.

*A. E. Bowe,* for respondent.

DICKINSON, J. The defendant Jefferson appeals from an order overruling his demurrer to the complaint. It seems to have been considered by the court below that while the complaint was insufficient as a statement of a cause of action *ex delicto* as against Jefferson, it did show that the plaintiff was entitled to some relief. The contention of the appellant is that the action is to recover for a wrong, and, unless the complaint shows an actionable wrong for which he is legally responsible, this action cannot be maintained against him. We deem the complaint to be sufficient to charge Jefferson as well as the other defendants with liability as for a tort. The facts set forth in the complaint are, in substance, as follows: The plaintiff was the owner of a designated tract of land of the value of $1,800. She was owing debts to the amount of $250. The defendants Leonard and Watson were general agents of the appellant in the business of loaning money. These agents, acting as such and conspiring and confederating together and with the appellant, and with the intent to defraud the plaintiff and deprive her of the land, represented to her that, if she would convey the property to them, (the defendants,) they would pay that indebtedness, would give to the plaintiff one-half of the rents and profits derived from the land until they could sell it, and that thereupon the plaintiff should receive one-half of the price derived from the sale. Induced by such representations, the plaintiff conveyed the property to the defendants, and they caused the conveyance to be re-

corded. The defendants executed to the plaintiff a written instrument containing the agreement above referred to; but subsequently the defendant Leonard, in pursuance of said common purpose, feloniously took and stole this written agreement from the plaintiff. The defendants afterwards sold the land, $500 of the price being paid to Jefferson, and he taking a mortgage on the land from the purchaser for the further sum of $1,500. Jefferson afterwards foreclosed that mortgage, and thereby claims to have acquired title to the land. Neither the defendants nor either of them ever intended to pay the plaintiff any money, either derived from the rental of the premises or from the sale thereof, but all the representations and acts of the defendants and each of them were done in pursuance of said common purpose and conspiracy, and with the intent to defraud the plaintiff and deprive her of her said property.

The complaint is deemed to set forth a cause of action *ex delicto* against all the defendants, in that it charges a conspiracy between them to fraudulently deprive the plaintiff of her property; a conspiracy carried into effect by the procuring of a conveyance of the property to themselves in pursuance of this conspiracy and common purpose, and the felonious taking from her of the contract which evidenced the agreement of the defendants, which was the consideration inducing the making of the conveyance. The averments of a conspiracy for the accomplishment of this purpose, and that all the acts of the defendants and each of them were done in pursuance of such conspiracy and purpose, are sufficient to charge each of the defendants with liability for the alleged acts of any of them.

Order affirmed.