CARPENTER, Appellant, *v.* NELSON, Respondent.

(No. 2,839.)

(Submitted June 8, 1910.   Decided June 15, 1910.)

[109 Pac. 857.]

*Conversion—Complaint—Sufficiency—Certainty.*

1.   The complaint in an action for the conversion of a steer, a general demurrer to which had been sustained by the trial court, examined and *held* not to be so ambiguous, unintelligible and uncertain as to fail to set forth the plaintiff's cause of action in such language as to enable a person to determine from its reading what the facts relied upon by plaintiff were.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

Action by Albert Carpenter against Harry Nelson.   Judgment for defendant, and plaintiff appeals.   Reversed and remanded.

Cause submitted on briefs of counsel.

*Mr. J. L. Staats,* for Appellant.

*Mr. H. A. Bolinger,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

This case originated in a justice of the peace court of Gallatin county.   The amended complaint filed in that court, upon which a trial was had, reads as follows:

"Comes now the above-named plaintiff, and by leave of court first had and obtained files herein his amended complaint, and alleges the following facts:

"(1) That plaintiff on the seventh day of December, 1907, and continuously since has been and now is the absolute and unqualified owner and entitled to the immediate possession of the following described personal property, to-wit: One yearling steer, branded 'X' on right hip and with right ear cropped.

" (2) That on the seventh day of December, 1907, this plaintiff purchased of defendant at Bozeman, Montana, fifty-five head of yearling steers, fifty-four of which were branded with 'X' on the right hip and with right ear cropped, paying therefor the sum of seventeen and 50/100 dollars ($17.50) for each head thereof.

" (3) That in pursuance of said sale of said cattle by defendant to plaintiff on or about the same day, the defendant executed and delivered to plaintiff a bill of sale for said cattle, containing a description of said cattle as branded with 'X' on right hip and with right ear cropped.

" (4) That after the said cattle had been delivered by defendant to plaintiff pursuant to said sale, the plaintiff observed that one of the steers of said bunch purchased by him did not have the brand 'X' on the right hip of said animal, nor on any other place on said animal, nor was the right ear of said animal cropped, as described in said bill of sale; but that, instead of the brand 'X' on the right hip of said animal, as described in said bill of sale, there was the brand thus: 'ᴧᴧᴧ' on the right hip and both ears of said animal were cropped.

" (5) That plaintiff has frequently demanded of defendant, since said sale and before the commencement of this action, the animal as described in said bill of sale and which was purchased by plaintiff as aforesaid, and has frequently tendered before the commencement of this action back to defendant the steer obtained by plaintiff at said sale, the brand on which did not correspond with the description of said property in said bill of sale, and which said animal never at any time belonged to defendant, but that defendant has at all times refused to deliver to plaintiff the possession of the steer purchased by plaintiff, or to pay the plaintiff the sum of thirty-two and 00/100 dollars ($32.00) or any other sum, the value thereof, or to accept the tender of the steer that plaintiff obtained at said sale, but that defendant has converted said animal so claimed by plaintiff to his own use.

"(6) That defendant still wrongfully withholds and detains said animal so claimed by plaintiff from the possession of plaintiff, and converted by defendant to his own use as aforesaid, to plaintiff's damage: First, in the sum of thirty-two and 00/100 dollars ($32.00), the value of said property; and, secondly, in the sum of fifty and 00/100 dollars ($50.00), for time and money expended by plaintiff in the pursuit of said property up to the time of the institution of this action.

"Wherefore plaintiff demands judgment against said defendant for the sum of thirty-two and 00/100 ($32.00), the value of said property, and for fifty and 00/100 dollars ($50.00) damages, as herein alleged, and all costs of suit in this action in plaintiff's behalf expended."

To this complaint a general demurrer was filed, but the same was overruled. After issue of fact joined, the plaintiff had a verdict and judgment in his favor, from which judgment the defendant appealed to the district court of Gallatin county. In that court the general demurrer to the amended complaint was argued and submitted, and afterward sustained. The court refused to allow the plaintiff to amend, and judgment was entered in favor of the defendant, and from that judgment an appeal is taken to this court.

It is contended on the part of respondent that it is impossible to tell from reading the complaint whether the action is for conversion or is based upon a breach of warranty of title. It may readily be agreed that the complaint is somewhat indefinite and uncertain; but we do not feel that we can say on that account that it does not state facts sufficient to constitute a cause of action. As has heretofore been intimated by this court, we are satisfied that a complaint may be in its phraseology so ambiguous, unintelligible and uncertain as to fail to set forth the plaintiff's cause of action in ordinary and concise language. (See *Lynch* v. *Great Northern Ry. Co.*, 38 Mont. 511, 100 Pac. 616.) But this case does not appear to fall within the rule. It is true that the plaintiff alleges that only fifty-four of the steers were branded "X"; but it is manifest that the pleader is referring

·to the fifty-four steers other than the one which he says did not belong to the defendant. We are operating under the modern reformed system of practice and pleading, and the days when hearings upon the merits may be avoided by the interposition of technicalities have fortunately gone by. The only thing that is enjoined upon plaintiff under our Code is that· he·shall state the facts constituting his cause of action in ordinary and concise language. We think a layman would have no difficulty in determining from this pleading what the facts relied upon by the plaintiff are. It seems clear to us that what he complains of is that the defendant has received and retains the sum of $17.50, the purchase price of an animal which he refuses to deliver, and that he claims damages on account thereof. What the exact measure of his damages is it is unnecessary to decide upon this appeal. But at any rate we think his complaint states facts sufficient to constitute a cause of action for the sum of $17.50 in any event. (See *Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49; *Raymond* v. *Blancgrass,* 36 Mont. 449, 93 Pac. 648, 15 L. R. A., n. s., 976; *Hoskins* v. *Northern Pacific Ry. Co.,* 39 Mont. 394, 102 Pac. 988.)

The judgment of the district court of Gallatin county is reversed, and the cause is remanded, with directions to overrule the demurrer to the amended complaint filed in the justice of the peace court.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.