## Moore, et al. v. Linneman, et al.

(Decided April 19, 1911.)

### Appeal from Kenton Circuit Court.

1. Petition; Sufficiency of.—A petition, which alleges that a telephone company was engaged in the business of delivering messages for compensation, and that plaintiff was using a telephone of said company and had been so using it for more than ten years, and that the telephone company had injured plaintiff's business by fraudulently giving his customers the telephone number of a rival in business when they called for plaintiff's telephone number, states a cause of action for general damages.

2. Same; Making More Definite and Certain.—Where a petition sufficiently states a cause of action for general damages for fraudulently giving a rival's telephone number to customers who called for the plaintiff's telephone number, it was error to require the plaintiff to make the petition more definite and specific so that it would show the dates upon which plaintiff's telephone was closed, or the dates upon which the telephone company made the fraudulent telephone connections, or the names of the parties who called for plaintiff's telephone, but were connected with the rival's telephone, or the names of plaintiff's customers whose business had been transferred to the rival in business, or the precise dates of said transfers.

3. Pleadings—Damages.—Modern systems of procedure require pleadings to be intelligible, rather than nice; and when the facts which constitute the cause of action import damage, a formal allegation of the precise nature of the injury suffered is not necessary; such facts beeing stated, the natural or proximate damages are recoverable without further allegation.

4. Nominal Damages.—Nominal damages are always recoverable in breaches of contract, and generally in tort, even though no actual damages be proved.

5. General Damages.—For an injury to a right of substantial value involving the deprivation of the use of property, general damages are always recoverable.

B. F. GRAZIANI for appellants.

MYERS & HOWARD for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

For twenty-six years prior to 1906, Maria Moore's husband and the appellee, Henry Linneman, were engaged in the undertaking business and livery business in Covington. After the death of her husband the appellant, Maria Moore, bought the interest of the appellee, Henry Linneman, in the business for $12,500.00 cash, and the appellants, Maria Moore and Gus Linneman continued the business under the firm name of Linneman & Moore. Henry Linneman and the appellee, Henry Moore, then began a rival undertaking and livery business in Covington. The telephone number of the old firm was "South 125," while that of appellees' firm was "South 557." The petition alleges that Henry Linneman and the appellee, The Citizens Telephone Company of Kentucky, fraudulently and wickedly conspired and colluded together for the purpose of destroying appellants' business, and wilfully and maliciously entered into some arrangement, the exact arrangement being unknown to the appellants, except that their telephone number, "South 125," was wrongfully closed; and when said number "South 125" would be called, the telephone company would give the parties calling "South 557," informing the caller that the old number, "South 125," had been changed to the new number, "South 557," which called appellees' place of business. By reason of this conspiracy and practice on the part of appellees, Linneman and the telephone company, appellants claim that their trade and business was injured and destroyed, and that a large number of customers who desired to employ them as undertakers were unable to do so, and that such diverted messages completely cut off their place of business from their customers, thereby injuring appellants to the extent of $10,000.00, for which amount they ask damages.

The general demurrer to the original petition was overruled; and thereupon the appellees moved the court to require the appellants to make their petition more definite and certain, so that it should show (1) the dates upon which appellants' telephone was closed; (2) the dates upon which the telephone company connected parties calling for "South 125" with "South 557;" (3) the names of the parties who called for "South 125" and were connected with "South 557;" (4) the names of appellants' customers whose trade and business was transferred from "South 125" to "South 557" and the precise dates of said transfers; and (5) the name or position of the officer of the telephone company who made the alleged agreement above referred to. The court sustained the motion; whereupon appellants amended their petition in order to comply with the ruling of the court in so far as they were able to do so, by alleging that the wrongs complained of were committed on July 13, 14 and 15, 1908, and continuously for several weeks thereafter; that they were unable to make their petition more definite or certain than they had therein done, and that one Ashbaugh was the agent or officer of the telephone company who made the arrangement with Linneman to defraud the appellants. Appellants amended their petition a second time by stating that they were unable to give, and did not know, the names of the parties who called for their telephone "South 125" and were connected with appellees' telephone, "South 557," and that they were unable to state the names of their customers whose telephone messages were transferred from "South 125" to "South 557," or the various dates said transfers were made. A demurrer to the petition thus amended was sustained; whereupon appellants again amended their petition by stating that Anna Coyne, Stella Coyne, John Fox and Henry Schulkers were four of the persons who had desired to secure their services as undertakers and to do business with them, and had communicated with them over the telephone, but were not permitted to do said business and were refused the use of appellants' telephone number. A general demurrer was filed to the petition as finally amended, which was never passed upon; but the court sustained appellee's motion to dismiss the petition, which was done, evidently upon the ground that it did not comply with the ruling of the court requiring it to be made more definite and certain in the respects and to the extent above in-

dicated; and from the order dismissing the petition, this appeal is prosecuted.

It is first contended, upon behalf of the appellees, that the petition is defective in that it fails to set forth any contractual relation between the appellants and the telephone company, and that for that reason the petition was properly dismissed. We cannot concur in this contention. The petition alleges that the telephone company was engaged in the delivery of messages for compensation, and that the appellants' telephone number was, and for the past ten years had been, "South 125;" and that by the use of said telephone the public had become cognizant of said number and appellants' business, and that said telephonic communications by said telephone was a valuable asset to appellants' business. This, in substance, is an allegation that the appellee telephone company was in the telephone business, and that for many years the appellants had used said company's telephone for pay. When this allegation is taken in connection with the further allegation of conspiracy on the part of the telephone company and Linneman to destroy appellants' business by a misuse and falsification of the telephone number, we think appellants stated a cause of action.

Appellants contend that the court erred in requiring them to make the original petition more definite and certain in the respects indicated or at all, and further, that it erred in dismissing appellants' petition for failure to comply with the order requiring them to make the petition more definite and certain. We concur in this view of the law of this case. Evidently, the lower court proceeded upon the idea that appellants were suing for special damages, and could not maintain this action without showing the items of damage and loss, as indicated in the motion to make the petition more definite and specific. In this the court was in error, since the appellants could clearly recover nominal damages, if not more, under the petition as originally drawn. General damages, or such as the law holds to be the necessary result of the act complained of, may be recovered under a general allegation of damage; while special damages, which are for the natural, but not the necessary, result of the act complained of, must be specially alleged. In Sedgwick's Elements of the Law of Damages, p. 349, it is said:

"Modern systems of procedure require pleading to be intelligible rather than nice; and hence, when the facts

which constitute the cause of action import damage, a formal allegation of the precise nature of the injury suffered is not necessary. Such facts being stated, the natural and proximate damages are recoverable without further allegation. It is only where there are special damages which might not necessarily flow from the cause of action at all that an allegation of the precise nature of the injury is called for.   *   *   *

"As already explained, nominal damages are always recoverable in contract and generally in tort, even though no actual damages be proved. There are cases where there is a right to recover substantial damages without any proof of actual damage. In slander, for instance, when the words affect the plaintiff in his trade or profession, they import injury, and the plaintiff is entitled to some compensation though he neither alleges nor proves any special injury. In many cases it would be impossible to show any actual special damage, but the injury being by its very nature serious compensation follows."

In cases of the character just described, as in the case at bar, the law gives damages for injury to the right; and for an injury to a right of substantial value involving, as in this case, the deprivation of the use of property, general damages are always recoverable. That the plaintiff may be able to dispense with the use of his property does not diminish his right in it. To adopt an illustration put by Lord Chancellor Halsbury, a person who takes away a chair from A's house and keeps it for twelve months, can not diminish the damages by showing that A does not usually sit in it, or that there were plenty of other chairs in the room. He can not convert a right of substantial value into a right to nominal damages by any such process. In the Seneca Road Co. v. The Auburn & Rochester R. R. Co., 5 Hill, 175, Judge Cowen, of the New York Supreme Court, aptly stated the principle in the following language:

"It is said, however, de minimis non curat lex. This maxim is never applied to the positive and wrongful invasion of another's property. To warrant an action in such case, says a learned writer, 'some temporal damages, be it more or less, must actually have resulted, or must be likely to ensue. The degree is wholly immaterial; nor does the law, upon every occasion, require distinct proof that an inconvenience has been sustained. For example, if the hand of A touch the person of B, who shall declare that pain has or has not ensued? The

only mode to render B secure is to infer that an inconvenience has actually resulted!' (Hamm. N. P. 39, Am. ed. of 1823.) 'Where a new market is erected near an ancient one, the owner of the ancient market may have an action; and yet, perhaps the cattle that would have come to the old market might not have been sold, and so no toll would have been gained, and consequently there would have been no real damage; but there is a possibility of damage' (2 Ld. Raym., 948.) In Ashby v. White, wherein Powell, J., laid down this rule as to the market, it was held finally by the house of lords that, to hinder a burgess from voting for a member of the house of commons was a good ground of action. No one could say that he had been actually injured or would be; so far from it, the hindrance might have benefited him. But his franchise had been violated. The owner of a horse might be benefited by a skilful rider taking the horse from the pasture and using him; yet the law would give damages for such an act. The owner of a franchise, as well as of other property, has a right to exclude all persons from doing any thing by which it may possibly be injured. The rule is necessary for the general protection of property; and a greater evil could scarcely befall a country than the rule being frittered away or relaxed in the least, under the idea that though an exclusive right be violated, the injury is trifling, or indeed nothing at all.''

The same general doctrine is announced in Diers v. Edwards, 23 Ky. Law Rep. 500, 502, and in McDaniel v. Hutcherson, 136 Ky. 412, 417. See also Craig v. Durrett, 1. J. J. Mar., 365, and Baum v. Winston, 3 Met. 127.

The original petition stated a cause of action for general damages, and not only was the demurrer thereto properly overruled, but the motion to require the appellants to make the original petition more definite and specific, should likewise have been overruled.

Judgment reversed, with instructions for further proceedings consistent with this opinion.