MINING SECURITIES CO., Appellant, *v.* WALL et al., Respondents.

(No. 7,366.)

(Submitted May 1, 1935. Decided May 16, 1935.)

[45 Pac. (2d) 302.]

598

*Mr. H. Lowndes Maury* and *Mr. A. G. Shone,* for Appellant, submitted an original and a supplemental brief and argued the cause orally.

*Mr. W. J. Paul,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, the Mining Securities Company, a corporation, has appealed from a judgment of dismissal entered in favor of the defendants, Patrick Wall and Mary A. Wall, after the court had sustained defendants' demurrer to plaintiff's complaint, and plaintiff had refused to plead further.

The complaint contains two causes of action, each alleging the corporate existence of the plaintiff. The first cause of action alleges: "That on or about the 22nd day of November, 1929, the said defendants, being husband and wife, conspired together to cheat and defraud the plaintiff and to embezzle,

steal and appropriate moneys of the plaintiff, and pursuant to the said conspiracy and with the intent of cheating and defrauding the plaintiff and of taking its money and appropriating it to the use of both of said defendants, the said defendants, on or about the 23rd day of November, 1929, by means of a certain false, unauthorized and fraudulent check on Larabie Brothers, Bankers, payable to the order of Mary A. Wall and signed 'The Mining Securities Company by M. A. Wall' and cashed by Mary A. Wall by delivery to Larabie Brothers, Bankers, at Deer Lodge, secured possession of and then appropriated to their own use the sum of Fifteen Thousand Dollars, * * * being the money of the plaintiff. That all of said money was secured against the will and against the consent of the said plaintiff. Wherefore plaintiff demands judgment against the defendants for the sum of * * * $15,000.00, together with interest * * * and costs.''

The second cause of action is couched in similar language, except that, instead of one check issued to one of the defendants, it sets out in full a large number of checks for various sums, all alleged to be ''false, unauthorized and fraudulent'' issued to divers and sundry persons, firms, or corporations, ''without any authority in the defendant Mary A. Wall, to issue the same.'' It is here alleged that ''none of the said checks were issued for, or the money paid thereon, were used for the use or purpose of this plaintiff'' but ''for the private purposes of the said conspiring defendants, to-wit: much of the same was used for the private purposes of Patrick Wall, he well knowing that the said money was being appropriated and had been appropriated wrongfully from the plaintiff, the exact amount of said money being used for the individual purposes of the conspirators, respectively, is unknown to the plaintiff.''

After setting out in full approximately 200 checks which it is alleged were cashed at the bank from plaintiff's funds, the complaint closes with the allegation: ''Thereby the said defendants secured wrongfully the possession of and appropriated to their own use against the will and * * * consent of the plaintiff, the moneys of the plaintiff amounting to * * *

$13,787.15. That no part of the same has ever been paid back to the said plaintiff."

The demurrer sustained is a joint general demurrer to each cause of action alleged. The ground urged in support of the court's ruling, and of the judgment, is that neither cause of action states facts sufficient to constitute a cause of action.

It is first contended that the allegations of the complaint do not connect the defendant Patrick Wall with any wrongful act attempted to be pleaded, except by the allegations of a conspiracy, and as to these allegations they are but conclusions of the pleader, and state no facts. What is said regarding the allegations of the conspiracy is true, but that fact alone does not render the complaint insufficient. If the complaint states a cause of action against Mary A. Wall, it is immaterial whether or not it states a cause of action against her co-defendant; the joint demurrer should have been overruled. (*Rand* v. *Butte Electric Ry. Co.*, 40 Mont. 398, 107 Pac. 87; *Cummings* v. *Reins Copper Co.*, 40 Mont. 599, 107 Pac. 904; *Poe* v. *Sheridan County*, 52 Mont. 279, 157 Pac. 185; *Montana Auto Finance Corp.* v. *British & Federal Fire Underwriters*, 72 Mont. 69, 232 Pac. 198, 36 A. L. R. 1495.)

Further, a "conspiracy" is not actionable unless the combination results in the perpetration of some unlawful act or some injurious act in an otherwise lawful manner, and then the gravamen of the action is the wrong committed and not the conspiracy. (*Dowdell* v. *Carpy*, 129 Cal. 168, 61 Pac. 948.) Where all defendants named in a complaint are actors in committing the acts complained of, the allegation of conspiracy is mere surplusage, intended as a matter of aggravation, and is not necessary to support the cause of action. (*Mapstrick* v. *Ramge*, 9 Neb. 390, 2 N. W. 739, 31 Am. Rep. 415; *Strout* v. *Packard*, 76 Me. 148, 156, 49 Am. Rep. 601; *Laverty* v. *Vanarsdale*, 65 Pa. 507; *Verplanck* v. *Van Buren*, 76 N. Y. 247, 259; *Austin* v. *Barrows*, 41 Conn. 287.) The allegation of conspiracy becomes important only to connect a defendant with the transaction and to charge him with the acts and declarations of his co-conspirators, where otherwise he

would not have been implicated. (*Bowman* v. *Wohlke,* 166 Cal. 121, 135 Pac. 37, Ann. Cas. 1915B, 1011; *Cheney* v. *Powell,* 88 Ga. 629, 15 S. E. 750; *O'Connor* v. *Jefferson,* 45 Minn. 162, 47 N. W. 538.) Being mere matter of inducement, conspiracy need not be alleged with the particularity required in pleading the facts constituting the gist of the action (*Barron, Boyle & Co.* v. *Pittsburg Plate Glass Co.,* 10 Ohio Dec. 114), and it seems to be the universal rule that, as to the allegation of conspiracy, the mere declaration that the defendants did "conspire together" to commit certain wrongful acts, is sufficient. (*Fisher* v. *Schuri,* 73 Wis. 370, 41 N. W. 527; *Moore* v. *Linneman,* 143 Ky. 231, 136 S. W. 232; *Andrew D. Meloy & Co.* v. *Donnelly,* (C. C.) 119 Fed. 456; *Sawyer* v. *J. F. Wieser & Co.,* 37 Tex. Civ. App. 291, 84 S. W. 1101. For additional cases see 12 C. J. 629, note 96.)

The plaintiff having alleged a conspiracy, entered into between the defendants named, it is immaterial that the complaint does not show that Patrick Wall took part in the wrongful acts. The allegation of conspiracy is sufficient to show privity. (*Cheney* v. *Powell,* supra.)

However, the facts "constituting the cause of action" must be stated in the complaint, "in ordinary and concise language" (sec. 9129, Rev. Codes 1921), and, in alleging such facts, "the employment of such extravagant terms as 'fraud,' 'conspiracy,' and other words of like malign import, unaccompanied by a statement of facts upon which the charges of wrongdoing rest, is a useless waste of words." (*Brandt* v. *McIntosh,* 47 Mont. 70, 130 Pac. 413, 414.)

This is an action in conversion, and, in such an action, this court has said: "We are operating under the modern reformed system of practice and pleading, and the days when hearings upon the merits may be avoided by the interposition of technicalities have fortunately gone by. The only thing that is enjoined upon a plaintiff under our Code is that he shall state the facts constituting his cause of action in ordinary and concise language." The court applied the test as to whether a layman would, without difficulty, determine from the

complaint "what the facts relied upon by the plaintiff are."
(*Carpenter* v. *Nelson*, 41 Mont. 392, 109 Pac. 857, 858.)

"In conversion plaintiff need go no further in his complaint than to state his title * * * or his right of possession, a description of the property, and a statement of its value, the acts of the defendant which deprived plaintiff of his property, and a demand for judgment for the damages sustained. 'The mode of alleging the act of conversion must depend upon the facts of the case. * * * Instead of giving a narrative of all the acts performed * * * it is permissible for the pleader to allege generally that the defendant converted the property to his own use. A fuller statement of the fact may be preferable, but excessive particularity is not required in the statement of the manner in which a wrong was committed, as the defendant is presumptively better informed of the facts than the adverse party, and the general rule of pleading applies that less particularity is required where the facts lie more in the knowledge of the opposite party than of the party pleading.' " (*Reynolds* v. *Fitzpatrick*, 23 Mont. 52, 57 Pac. 452, 456.)

While the terms "false" and "fraudulent," used to designate the checks described in the complaint as wrongfully issued, fall in the category of "malign" words declared to be wasted in such a complaint (*Brandt* v. *McIntosh*, supra), the complaint here employs the further adjective "unauthorized" in describing the checks. The question here presented is as to whether the declaration that the checks mentioned were "unauthorized" is a conclusion of law or the statement of an ultimate fact, and, in this connection, it must be remembered that the complaint is challenged only by a general demurrer. In considering the sufficiency of a complaint, conclusions of law are to be disregarded unless supported by an averment of facts from which the conclusions are drawn; on the other hand, however, under certain circumstances the allegation of that which is usually regarded as a legal conclusion may supply the want of a material fact, so as to render the complaint immune from attack by general demurrer. (1 Bancroft on Code Pleading, 92.)

The line of demarcation between what are statements of fact and what conclusions of law is not one easy to be drawn in all cases; the same averment may be of a fact or a conclusion of law, according to the context. Generally, however, ultimate facts are but the logical conclusions deduced from certain primary facts, evidentiary in their character, while conclusions of law are those presumptions or legal deductions which, the facts being given, are drawn without further evidence, and, usually, the means by which the result is to be reached, determine whether a given conclusion is one of fact or of law. (1 Bancroft on Code Pleading, 93–95.) For example: An allegation of "fraud" states merely a conclusion of law, for it does not indicate evidentiary facts from which it may be deduced; it is merely an epithet applied to the acts of the person accused without any indication of what those acts were. (*Fox* v. *Hale & Norcross Silver Min. Co.*, 5 Cal. Unrep. 980, 53 Pac. 32, 36, 169.) The use of the term gives no intimation as to the facts from which "fraud" may be deduced. On the other hand, to say that an act was "unauthorized" conveys the information, not only to the lawyer, but to the layman, that the actor was not authorized to do the act; acted without authorization. (See Merriam-Webster New Int. Dictionary, 2d ed.; *Ankeny* v. *Rawhouser*, 2 Neb. (Unof.) 32, 95 N. W. 1053.) Here no resort to legal definitions is necessary in order to arrive at the conclusion that the party charged with wrongfully issuing the checks had no authority from the proper officers of the corporation plaintiff to issue such checks, and, consequently, the charge that the checks were "unauthorized" states an ultimate fact and not a conclusion of law. Ordinarily, it is only necessary to plead the ultimate facts; the evidentiary facts tending to show the ultimate facts being matters of proof. (*Sweetman* v. *Ramsey*, 22 Mont. 323, 56 Pac. 361; *Blankenship* v. *Decker*, 34 Mont. 292, 85 Pac. 1035; 1 Bancroft, supra, 95; *Enterprise Sheet Metal Works* v. *Schendel*, 63 Mont. 529, 208 Pac. 933.)

In testing the sufficiency of a complaint to withstand a general demurrer, the pleader is entitled to the benefit of

all reasonable deductions which may be drawn from the allegations of his complaint. Ambiguity in it cannot be reached by a general demurrer (*Wheeler & Motter Mercantile Co.* v. *Moon,* 49 Mont. 307, 141 Pac. 665), and the same is true as to uncertainty. (*Adams* v. *Durfee,* 67 Mont. 315, 215 Pac. 664.)

Under the foregoing rules it will be seen that the complaint alleges, in effect, as to the first cause of action, that the two defendants, husband and wife, conspired together to cheat and defraud the plaintiff of the sum of $15,000, and that, pursuant to their agreement, the wife, who was in a position to draw checks on plaintiff's bank for certain purposes, so that a check drawn by her would be honored at the bank, without authority to do so, drew a check for $15,000, payable to herself, and drew the money from the bank by means of the check, and thereupon the two defendants appropriated the money to their own use. If these facts are true, the damage suffered by the plaintiff was clearly $15,000, for which amount the complaint prays judgment. No allegation of demand for the return of the money was necessary; it being alleged that the money was wrongfully converted. The first cause of action stated is sufficient to withstand the general demurrer.

As to the second cause of action, it is contended that the complaint does not show that M. A. Wall, who signed the checks, is Mary A. Wall, the defendant, and therefore does not show any wrongful act by the defendants. It would seem reasonably certain from the complaint that the two are one and the same person. This is the reasonable deduction from the allegations made. The complaint alleges that "the defendants made and issued and uttered" the checks in question; this could only be done by Mary A. Wall signing the checks as "M. A. Wall." "It is sufficient to describe a party to an action by any known or accepted abbreviation of his Christian name," and one signing a note, or check, with such abbreviation is estopped from denying it. (*Kemp* v. *McCormick,* 1 Mont. 420.)

It is further contended that, as the checks enumerated were all issued to persons other than the defendants, the com-

plaint does not disclose how the defendants converted the money thus obtained to their own use, or what the unlawful scheme was. Such contention might have merit, had the demurrer been for uncertainty, but is unavailing in support of a general demurrer.

If the defendant M. A. Wall, having authority to draw checks for the payment of claims against the corporation, issued these checks for the payment of the private debts of her husband and herself, it is immaterial that the payees acted in good faith and were entitled to the money from the Walls, and the latter converted it as surely as though they took the money from the plaintiff's safe and purchased therewith furniture, clothing, and supplies for their own home.

It is next said that the second cause of action is fatally defective in that it is therein admitted that the plaintiff does not know the exact amount the defendants converted by the use of the checks described. Counsel mistake the purpose of the allegation to which they refer, which is: "The exact amount of said moneys being used for the individual purposes of the conspirators, respectively, is unknown to the plaintiff." Here is said no more than that, while the husband and wife appropriated $13,787.15 of plaintiff's money to their own use, plaintiff does not know what proportion thereof went to each of them "respectively." If the two were conspiring together to rob the corporation and were successful in their purpose to convert the money to their own use by paying their own bills and purchasing articles for themselves with it, it is immaterial just what proportion thereof went to each of the conspirators. The second cause of action is also sufficient to withstand the general demurrer.

The judgment is reversed and the cause remanded to the district court of Powell county, with direction to overrule the demurrer.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, takes no part in the foregoing decision.