McDONALD, Respondent, v. PINCUS et al., Appel-
LANTS.

[Argued June 19, 1892.   Decided February 6, 1893.]

Pleading — *Sham answer* — *Motion to strike out.* — Section 101 of the Code of Civil
  Procedure providing that sham and irrelevant answers and irrelevant and re-
  dundant matter inserted in a pleading may be stricken out, contemplates that
  the sham pleading is such as appears manifestly and inherently sham or appears
  to be false by comparison with other declarations of the pleadings, which con-
  ditions should appear upon the face of the pleading alone and not by the con-
  sideration of affidavits contradicting such allegations.
Same — *Motion for judgment.* — Where an answer to a complaint on a promissory
  note alleged a failure of the payee to perform an agreement for labor which
  was the consideration for the note without alleging the terms of the agreement
  or the conditions or effect thereof, no ground of defense is stated, and the de-
  fendants having failed to amend their answer, the plaintiff is entitled to judg-
  ment on the pleadings.

*Appeal from Second Judicial District, Silver Bow County.*

Action on promissory note.   Judgment was rendered for
the plaintiff below by McHatton, J.   Affirmed.

Statement of facts prepared by the judge delivering the
opinion.

This is an action to enforce payment of a promissory note.
The complaint alleges that said note was executed by appellants,
I. Pincus and Joseph Weyerhorst, to one Joseph Saunders, for
the sum of two hundred and fifty dollars, principal, to bear
interest after maturity, payable ninety days after date, a copy
of which note is set forth in the complaint; that said Joseph
Saunders transferred said note, by indorsement, to plaintiff;
that no part of said sum has been paid; wherefore plaintiff
demands judgment for the principal, interest, and costs.   The
defendant answers the complaint as follows:  "*First,* that the
note mentioned and described in the complaint was given by
defendants to Joseph Saunders, therein named, without any
other consideration than is hereinafter stated; *second,* that
theretofore defendant, I. Pincus, in consideration of the prom-
ise of said Joseph Saunders, gave said Joseph Saunders said
note, as an accommodation, without any other consideration, and
solely for the accommodation of said Saunders, and upon his
promise to do and perform said labor according to the terms

of said agreement"; that "said defendant Weyerhorst joined in the making of said note solely for the accommodation of said Saunders and Pincus; that said Saunders did not perform the labor according to the terms of the agreement entered into by him with said Pincus, and that the said note was made without any consideration whatsoever on the part of defendant Weyerhorst; that plaintiff is not a *bona fide* holder of said note for a valuable consideration, but received the same with notice of the foregoing facts, and as collateral to secure the payment of an antecedent debt, and without paying any consideration therefor"; that "defendants deny each and every allegation of the complaint inconsistent with the foregoing facts." And on this answer, which is entirely quoted above, except the formal parts, defendants ask judgment for costs. This answer was stricken from the files of said case as sham, on motion, both parties appearing at the hearing thereof. It appears that on the hearing of said motion, plaintiff offered, and the court received, and considered in support thereof, the separate affidavit of plaintiff and his attorney, William E. Carroll, Esq., and also of said Joseph Saunders, the payee of said note, which affidavits affirm in effect that all the allegations of the answer are false, and specifically state the facts upon which affiants base that declaration. The record shows that defendants' counsel excepted to the ruling of the court sustaining plaintiff's motion to strike out defendants' answer. It does not appear that any attempt was made on the part of defendants to obtain leave to file an amended answer after the original was stricken out, or that defendants otherwise offered any defense thereafter. Judgment followed, on motion of plaintiff, from which defendants prosecute this appeal.

*George Haldorn*, for Appellants.

A verified answer could not be stricken out as sham on motion supported by affidavits at common law, neither can it under the code. (*Wayland* v. *Tysen*, 45 N. Y. 281; *Greenbaum* v. *Turrill*, 57 Cal. 285; *Farmers' Nat. Bank* v. *Leland*, 50 N. Y. 673; *Thompson* v. *Erie Ry. Co.*, 45 N. Y. 468; *Smith* v. *Countryman*, 30 N. Y. 655; *Rogers* v. *Vosburgh*, 87 N. Y. 228; *Brown* v. *Lewis*, 10 Ind. 232; *Fay* v. *Cobb*, 51 Cal. 313;

2 Wait's N. Y. Practice, p. 492.) The defense set up in defendant's answer could have been proved under a plea of the general issue at common law, and the plea of the general issue could not be stricken out as sham on affidavits although not verified for the reason that the plaintiff was bound to prove his case in the usual way, and the rule at common law is not changed by the code. (*Fay* v. *Cobb*, 51 Cal. 313; *Greenbaum* v. *Turrill*, 57 Cal. 285; *Wayland* v. *Tysen*, 45 N. Y. 281.) Where a denial may be stricken out as sham, but slight circumstances are required to prevent the granting of the motion. (*Miller* v. *Hughes*, 13 Abb. Pr. 93, n.; *Munn* v. *Barnum*, 12 How. Pr. 563; *Gortorfs* v. *Taaffe*, 18 Cal. 388.)

*William E. Carroll*, for Respondent.

A sham answer or defense is one false in fact and not pleaded in good faith, but which may be good in form. (*Gortorfs* v. *Taaffe*, 18 Cal. 385; *Foren* v. *Dealey*, 4 Or. 92.) Courts at common law exercised the authority to strike out false or sham pleas. The practice is still the same and the power of the court to strike out a sham answer is clear, whether the answer be verified or not. (*People* v. *McCumber*, 18 N. Y. 315; 72 Am. Dec. 515; *Butterfield* v. *Macomber*, 22 How. Pr. 150; *Gortorfs* v. *Taaffe*, 18 Cal. 386; *Wedderspoon* v. *Rogers*, 32 Cal. 569; *Fellows* v. *Mueller*, 38 N. Y. Sup. Ct. 137; *McCarty* v. *O'Donnell*, 7 Rob. [N. Y.] 431–37; *Roome* v. *Nicholson*, 8 Abb. Pr., N. S., 343.) The defense set up in defendant's answer could not have been proved under the general issue, either at common law or under the code. (1 Chitty on Pleading, 13 Am. ed. §§ 515, 743; 1 Boone on Code Pleading, § 71, p. 119.)

HARWOOD, J.—Where the answer tenders an issue by direct and specific denial of the allegations of the complaint, or by alleging substantial facts which would constitute a defense, if true, we think the practice of receiving and considering affidavits contradicting those allegations, and thereon striking the answer out as sham, should not be approved, although there can be found some authorities in support of such practice. (See Bliss on Code Pleading, § 422; Boone on Code Pleading, § 252, and authorities cited and commented on.) Such a practice seems to lead towards a dangerous and unwarranted encroachment upon

the right of trial, in the ordinary manner provided by the constitution and laws, before judgment can be pronounced. The courts sanctioning such a practice appear to have encountered that difficulty, and it has perhaps been the cause of seeming inconsistency in their decisions on that point of practice. Our Code of Civil Procedure provides upon this subject that "sham and irrelevant answers, and irrelevant and redundant matter inserted in a pleading, may be stricken out, upon such terms as the court may, in its discretion, impose." (§ 101.) Our view of the contemplation of that provision is that the sham pleading, or portion thereof to be eliminated on motion, is such as appears manifestly and inherently sham by reason of its incompatibility with the law, or the nature and condition of things within the judicial knowledge, or appears to be false by comparison with other declarations of the pleading; and these conditions should appear upon a consideration of the pleading alone.

In this case, however, the answer is wanting in allegations developing a ground of defense. All that portion of the answer which is not matter of admission of averment in the complaint is mere vague allusion to some agreement for labor, alleged to have constituted the consideration for the note in question; and without alleging the terms of the agreement alluded to, or even the conditions or effect thereof, it is alleged that the payee failed to perform "said agreement," the existence of which is only intimated. This is the only matter of defense attempted to be set up, and that is not set forth so as to enable plaintiff to reply to the same, or so as to allow the agreement hinted at to be proved, and therefore it could not be available as a defense under this answer. When the defective condition of the answer was brought to the notice of the defendants by the proceedings in this action, they appear to have made no effort to cure its incompleteness, under the liberal provisions of the code allowing amendments. Plaintiff was entitled to judgment on the pleadings, and the court was warranted in granting the judgment, without considering any motion to strike the answer from the files. Therefore let the judgment stand affirmed, with costs.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.