SWEETMAN, APPELLANT *v.* RAMSEY, SHERIFF, RESPOND-ENT.

[No. 1,026.]

[Submitted February 14, 1899. Decided March 20, 1899.]

*Chattel Mortgages—Rights of Mortgagee—Admissibility of Evidence—Estoppel—Pleading.*

1. Plaintiff advertised chattels for sale under a mortgage from T. to plaintiff, after which they were taken from plaintiff's possession on execution against T. In an action to recover possession, *held*, that the mortgage and notice of sale did not estop plaintiff from denying that T. had any interest in the property at the time of levy, if plaintiff did not intend that the creditor should rely on the information contained in the mortgage and notice, and such information did not induce the creditor to·issue the execution.

2. Though an answer does not set out matter sufficient to constitute a· defense, it will not be stricken on the ground that it is a sham, if from the answer itself the matter does not appear to be false.

3. Plaintiff advertised chattels for sale under a mortgage from T. to plaintiff, after which they were taken from plaintiff's possession on execution against T. In an action to recover possession, the defendant answered that the mortgage and notice of sale estopped plaintiff from denying T.'s ownership at the time of the levy. *Held*, that though the answer was relevant, as supporting defendant's claim of T.'s ownership, it should be stricken as redundant, since it consisted of evidentiary matter, merely tending to show the ultimate fact of T.'s ownership.

4. In an action by a mortgagee to recover possession of chattels taken from him under execution against the mortgagor, in which plaintiff claims that the mortgagor had no interest at the time of the levy, the mortgage and notice of sale thereunder are admissible on behalf of defendant, as tending to show the interest that the mortgagor had at the time of levy.

*Appeal from District Court, Yellowstone County; George R. Milburn, Judge.*

ACTION by Fred Sweetman against John M. Ramsey, sheriff of Yellowstone county. From a judgment for defendant, and an order denying plaintiff a new trial, plaintiff appeals. Reversed.

*Chas. R. Middleton,* for Appellant.

*J. R. Goss* and *O. F. Goddard,* for Respondent.

**PIGOTT, J.**    This was an action to recover 3,400 sheep, valued at $12,000, to the exclusive possession of which plaintiff alleges he was entitled as bailee under a delivery by the owner for the purpose of pasturing, herding, feeding and controlling, with power of sale and disposal in plaintiff; the complaint alleging, among other things, that defendant on January 12, 1893, wrongfully took the sheep, and yet withholds them from plaintiff.    The answer contains denials of the bailment and right of possession in plaintiff, and wrongful taking or detention by defendant, and sets up as a justification that defendant, as sheriff, seized the sheep under an execution in favor of the First National Bank of Billings, and against the property of one Tinkler, by which he was commanded to satisfy a judgment of the bank for $964, and that Tinkler was the owner of an undivided half interest in the sheep. For a defense by way of estoppel, it is alleged that in August, 1890, Tinkler executed to one Thomas Kent a promissory note for $2,100, to secure the payment of which Tinkler made to Kent a mortgage upon the sheep in question, which mortgage was filed in the proper county clerk's office, and expired, as to all persons except the parties thereto, in October, 1891; that on January 3, 1893, Kent assigned the mortgage, without consideration, to plaintiff, which assignment was also filed; that on the same day plaintiff, as assignee of the mortgage, began to take the initiatory steps towards execution of the power of sale conferred by the mortgage, by directing the defendant, as sheriff, to sell at public vendue all of the interest of Tinkler in the sheep; and that the sheriff posted notices that the sale would take place on January 12, 1893—the notice being to the effect that the sheriff would sell to the highest bidder the property described in the mortgage, being the undivided half interest, or whatever the interest might be, of Tinkler in the sheep mentioned.    The plaintiff moved the court to strike out the matter pleaded as estoppel,

upon the ground of irrelevancy and immateriality, and also upon the ground that it was sham, and for the further reason that it was redundant.   Upon the overruling of the motion, plaintiff replied, denying that he was estopped, and denying that Tinkler owned or had any interest in the sheep, and setting up affirmatively much evidentiary matter, which, while not proper in a pleading, was responsive to the answer.   The jury found for the defendant.   Plaintiff appeals from the judgment against him, and also from the order denying his motion for a new trial.

Throughout the trial the district court consistently held to the view that the facts alleged as constituting estoppel by conduct would, if sustained by proof, necessarily defeat the plaintiff.   It is clear, however, that the truth of the matter so pleaded could not estop plaintiff from showing that Tinkler was not the owner of, or interested in, the sheep at the time the sheriff seized them under the writ.   The absence of an averment that plaintiff knew or had reason to believe that the bank or the defendant intended to act upon the information contained in the mortgage, and upon the supposed representation in the notice of sale; the failure to charge that such, or any, representations or acts of plaintiff, or of those in privity with him, were made with the design or intent that they should be acted upon by the bank or the defendant; and the omission to state that such conduct induced the taking out and levy of the execution—effectually prevent that portion of the answer to which the motion was directed from being sufficient to constitute a defense by way of estoppel.  (*Meyendorf* v. *Frohner*, 3 Mont. 321; *Muller* v. *Pondir*, 55 N. Y. 325; *Danforth* v. *Adams*, 29 Conn. 107; *Kuhl* v. *Jersey City*, 8 C. E. Green (23 N. J. Eq.) 84; *Mayenborg* v. *Haynes*, 50 N. Y. 675; *Andrews* v. *Lyons*, 93 Mass. 349, 11 Allen 349).   The matter is not sham, for it does not appear to be false from consideration of the pleadings themselves; it has connection with the cause of action, and with the defense properly interposed, and therefore is not irrelevant; but the matter is redundant, because it is unnecessary, and consists

merely of evidence tending in some degree to prove the ulti-
mate fact relied upon in defense, namely, that Tinkler had
property in the sheep on January 12, 1893. The court should
have granted the motion and thereby purged the answer.
After the motion was denied, the matter sought to be elimi-
nated was mere surplusage.

The evidence touching the interest which Tinkler at one
time had in the sheep, as well as that in respect of the chattel
mortgage made by him to Kent, and of the notice of sale re-
ferred to (which might possibly be considered by the jury as
in the nature of an admission against interest, or as a declara-
tion in disparagement of title), was relevant, as having a ten-
dency to throw light upon the question whether Tinkler pos-
sessed an interest in the sheep at the time they were seized;
but wholly immaterial and irrelevant was the evidence ad-
duced tending to show either that the bank, in causing the
execution to be issued, or the defendant, in levying it, acted
in the belief that the sheep, or any interest in them, belonged
to Tinkler. Its natural and almost inevitable effect would be
to mislead the jury and divert their attention from the issues
to a question not involved; its admission was error prejudicial
to plaintiff. We have, moreover, carefully examined the
record and find no evidence whatever tending to establish es-
toppel.

Consistently with the theory entertained by its learned
Judge, the District Court charged in substance, that if the jury
found that the bank, by the mortgage made by Tinkler, and
the proceeding taken to foreclose it, was induced to place in
the hands of the sheriff the execution which he levied upon
the sheep, and that the bank, by reason of the contents of the
mortgage and notice of sale, in good faith believed that Tink-
ler owned an interest in the sheep on January 12, 1893, then
defendant must prevail, because the plaintiff would not be
permitted in this action to deny that Tinkler was owner of
an interest. For the reasons heretofore stated, this was mis-
direction.

The judgment and order refusing a new trial will be re-

versed, and the cause remanded.   It is so ordered.   Let remittur go forthwith.

*Reversed and remanded.*

BRANTLY, C. J., and HUNT, J., concur.