FITZGERALD, Respondent, *v.* EISENHAUER, Appellant.

(No. 4,693.)

(Submitted March 11, 1922. Decided March 27, 1922.)

[206 Pac. 685.]

*Executors and Administrators—Attorney Fees—Contracts— Quantum Meruit—Complaint—Counts—Election of Remedies—Value of Services—Evidence—Admissibility—Conflict in Evidence—Affirmance of Judgment.*

Actions—Complaint—Counts—Election of Remedies—Refusal When Proper.
1. Under the rule that a party may state the same cause of action in different counts to meet the exigencies of his case, denial of a motion to require plaintiff attorney in his action to recover fees to elect upon which of two counts—one on an express contract and one on *quantum meruit*—he would rely, was not error.

Executors and Administrators—Attorney Fees—Contract—Amount Determinable by District Judge—Validity.
2. A contract between an attorney and the administratrix under which the amount of the fees to which the former should be entitled for services rendered to the latter in her representative capacity was to be determined by the judge of the probate court, was not void as against public policy on the ground that it contemplated the doing of an extrajudicial or unlawful act by the judge.

Same—Attorney Fees—Value of Services—*Quantum Meruit*—Evidence—Admissibility.
3. Testimony of the value of the estate, to the administratrix of which plaintiff attorney had rendered services, introduced for the sole purpose of establishing one of the elements going to the value of his services sought to be recovered on *quantum meruit,* was properly admitted.

[62 Mont. 582.]

Verdict—Conflict in Evidence—Affirmance of Judgment.

    4. The verdict of the jury based on sharply conflicting evidence is conclusive upon appeal.

Contracts—Duty of Courts to Interpret, not Make New Contracts.

    5. The duty of the courts is to interpret and enforce contracts for the parties, not to make new ones for them or alter or amend those which they themselves have made.

*Appeals from District Court, Silver Bow County in the Second Judicial District; Ben B. Law, Judge of the Ninth District, presiding.*

ACTION by James T. Fitzgerald against Nellie Eisenhauer. Judgment for plaintiff. Defendant appeals from the judgment and an order refusing a new trial. Affirmed.

*Messrs. Canning & Geagan,* for Appellant, submitted a brief; *Mr. P. E. Geagan* argued the cause orally.

The court should have granted defendant's motion made at the beginning of the trial for an order to compel plaintiff to elect as to which cause of action set up in his complaint he would prosecute against the defendant. Both causes of action are for the same purpose, against the same defendant, concern the same subject matter, and are for the same amount of money recovery, there being no other sort of recovery sought, and they arise out of the same relationship as between the plaintiff and defendant. It is not the practice of the courts nor is it the policy of the law to allow an attorney to sue on an express contract for the payment for services and at the same time in the same complaint and in the same action sue on *quantum meruit* for the same service for the same amount against the same party. (2 Thornton on Attorneys at Law, sec. 494.)

The contract set up by the plaintiff contemplates the doing of a void, extrajudicial and unlawful act by the court and its officers, the doing of which tends to weaken the tribunal and destroy the confidence of the people in the institution. Such contracts are void and unenforceable. (Rev. Codes 1907, sec. 5051; *Spaulding* v. *Maillet,* 57 Mont. 318, 188 Pac. 377;

Weeks on Attorneys at Law, 2d ed., p. 703, sec. 346; *Donaldson* v. *Eaton,* 186 Iowa, 650, 125 Am. St. Rep. 275, 14 L. R. A. (n. s.) 1168, 114 N. W. 19.)

To call the court's attention to what has been held in some other courts as reasonable in a matter of attorneys' fees where property valuations were involved, we respectfully submit the following: *In re Lichtenberg's Estate,* 58 Wash. 585, 109 Pac. 48. The court held that where the estate was of the value of over $62,000 and much more work involved than in the Sattes estate, the sum of $1,500 was a reasonable allowance.

In *Shufeldt* v. *Hughes,* 24 Okl. 731, 28 L. R. A. (n. s.) 460, 104 Pac. 253, the court cut an allowance of $13,000 to $8,750, and in that case the estate was valued at $600,000, and the property did not consist of mining claims either.

In the case of *Foley* v. *Broeksmit,* 119 Iowa, 457, 97 Am. St. Rep. 324, 60 L. R. A. 571, 93 N. W. 344, the court cut a claim for funeral expenses from $526 to $150, where the estate was worth $5,000. (See, also, *Sullivan* v. *Sullivan,* 52 Wash. 160, 100 Pac. 321.)

*Mr. C. B. Nolan, Mr. J. A. Poore* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. Nolan* argued the cause orally.

It is well settled that the pleader in order to meet the exigencies of his case when suing for services rendered may set up an express contract, if there is any basis for doing so, and may likewise plead an implied contract; that is to say, the pleader may proceed on the assumption that a specific sum was agreed on for the services that were rendered pursuant to the terms of an express contract, and may likewise set forth that services were rendered, and that the amount declared on in the express contract was the reasonable value of such services. (*Blankenship* v. *Decker,* 34 Mont. 292, 85 Pac. 1035; *Neuman* v. *Grant,* 36 Mont. 77, 92 Pac. 43.) Pleading contract in two counts is proper. (*Nave* v. *Taugher* (Cal. App.), 193 Pac. 509; *Martin* v. *Northern Pac. Ry. Co.,*

51 Mont. 31, 149 Pac. 89.) A party to an express contract may sue on *quantum meruit* and on showing performance of the contract, introduce it to prove the reasonable value of the services rendered. (*Daly* v. *Kelley,* 57 Mont. 306, 187 Pac. 1022; *Wilcox* v. *Newman,* 58 Mont. 54, 190 Pac. 138.) The quantum sued for in the second count was fixed by proof of the proviso in the first count. (*Blakenship* v. *Decker, supra; Neuman* v. *Grant, supra.*) And the second count may be proven by evidence in support of the first count. (*Wilcox* v. *Newman, supra.*) An election in such cases is out of the question. (*Kelley* v. *John R. Daily Co.,* 56 Mont. 63, 181 Pac. 326.) A cause of action on contract may be set forth in two or more counts, and denial of motion to elect is not error. (*Cowan* v. *Abbott,* 92 Cal. 100, 28 Pac. 213; *Estrella Vineyard Co.* v. *Butler,* 125 Cal. 232, 57 Pac. 981; *Darknell* v. *Coeur d'Alene & St. Joe Transp. Co.,* 18 Idaho, 61, 108 Pac. 536.) In support of our contention that the contract in question is a valid one, we cite the following: *Best Mfg. Co.* v. *Hutton,* 49 Mont. 78, 141 Pac. 653; *Dallas* v. *Douglas,* 45 Mont. 115, 122 Pac. 275; *Murray* v. *White,* 42 Mont. 423, Ann. Cas. 1912A, 1297, 113 Pac. 754; *Lawson* v. *Cobban,* 38 Mont. 138, 99 Pac. 128; *Weinreich Estate Co.* v. *A. J. Johnston Co.,* 28 Cal. App. 144, 151 Pac. 667; *Frank* v. *Butte & B. M. & L. Co.,* 48 Mont. 83, 135 Pac. 904; *Haley* v. *Hollenbeck,* 53 Mont. 494, 165 Pac. 459; *California etc. Conf.* v. *Seitz,* 74 Cal. 287, 15 Pac. 839; *Holmes* v. *Richet,* 56 Cal. 307, 38 Am. Rep. 54; *Roche* v. *Baldwin,* 135 Cal. 522, 65 Pac. 459, 67 Pac. 903; *Deuninck* v. *West Gallatin Irr. Co.,* 28 Mont. 255, 72 Pac. 618; *Cooper* v. *Northern P. Ry. Co.* (Mont.), 212 Fed. 536; *Nave* v. *Taugher* (Cal. App.), 193 Pac. 509.

The value of the property of the estate was an element for consideration in determining the value of the services of the attorney. (6 Corpus Juris, 750–752; *In re Johnston's Estate,* 107 Wash. 25, 181 Pac. 209; *Forrester & MacGinniss* v. *Boston & M. etc. Co.,* 29 Mont. 397, 74 Pac. 1088, 76 Pac. 211;

*Carver's Estate,* 123 Cal. 102, 55 Pac. 770; *Huntoon's Estate,* 174 Cal. 282, 163 Pac. 53; *Simmons' Estate,* 43 Cal. 543; *Smith's Estate,* 18 Wash. 129, 51 Pac. 348; *Fernandez Estate,* 119 Cal. 579, 51 Pac. 852; 1 Ross on Probate Law, sec. 296; Church on Probate Law, 516.)

MR. CHIEF COMMISSIONER STARK delivered the following opinion:

This is an action by the plaintiff to recover from the defendant for services rendered by him as attorney for defendant in her capacity as special administratrix and executrix of the estate of John B. Sattes, deceased.

In the first count set forth in the second amended complaint, it is alleged that plaintiff is an attorney at law, duly admitted and licensed to practice his profession in the courts of this state; that on March 25, 1916, defendant was duly appointed special administratrix of the estate of John B. Sattes, deceased, duly qualified as such and entered upon the duties of her office, and continued to act as such until the twelfth day of April, 1916, on which date an order was duly given and made appointing her as executrix of the last will and testament of said deceased; and that she thereupon qualified as such, letters testamentary were issued to her and she entered upon the discharge of her duties.

It is next alleged that at the special instance and request of defendant and for her use and benefit the plaintiff performed professional and legal services for her in both her capacity as special administratrix and executrix, commencing in February, 1916, and ending in March, 1917; that on the fourteenth day of April, 1916, in consideration of the services rendered and to be rendered by the plaintiff in said matters, defendant promised and agreed to pay him therefor such reasonable amount as the judge of the probate court of Silver Bow county, Montana, would fix and allow therefor; that plaintiff agreed to perform such services and accept in payment for the same the amount to be determined as above set

forth; that the plaintiff did render such services for defendant, and that on July 28, 1917, the judge of the probate court above designated fixed the sum of $2,500 as the reasonable value of such services, and that the sum so fixed is the reasonable value thereof, but that defendant has refused to pay the same or any part thereof.

In a second and separate count, after alleging that the plaintiff is a duly admitted and licensed attorney, it is set forth that between the first day of February, 1916, and the first day of April, 1917, the plaintiff rendered to and for defendant, at her special instance and request and for her use and benefit, professional, legal and other services in connection with the estate of John B. Sattes, deceased, of the reasonable value of $2,500, for which she agreed to pay plaintiff; that plaintiff has demanded payment therefor, but the same has not been paid.

To this complaint, and to each separate count thereof, the defendant interposed a general and special demurrer, which was overruled. Without going into a detailed discussion of the matters raised by the demurrer, we shall content ourselves by saying that we have examined the same, and are of the opinion that each count of the complaint states a cause of action, and that the same are neither ambiguous, unintelligible or uncertain, and that the demurrer was properly overruled by the court.

The defendant filed her answer in which she admitted that the plaintiff was an attorney at law, admitted to practice in Montana; that the defendant was duly appointed as special administratrix of the estate of John B. Sattes, deceased, and subsequently as executrix of the last will and testament of said deceased, and duly qualified and acted as such, as alleged in the complaint; and that in February, 1916, she employed the plaintiff as an attorney at law to represent and assist her, as such attorney, in the matter of said estate, but denies each and every other allegation therein contained.

As further separate and affirmative defenses to the cause of action alleged, the defendant pleaded two counterclaims which, on motion, were by the court stricken out.

In our opinion, no useful purpose would be subserved by a discussion of these alleged separate defenses and counterclaims. They have had consideration, but we do not believe that either of them contains a sufficient statement of facts to entitle the defendant to any affirmative relief against the plaintiff, and, therefore, the court did not commit error in sustaining the motion to strike them from the answer.

Upon the issues made by the pleadings as above set forth, the cause came on for trial before the court and a jury on May 27, 1919. Before the jury was sworn, the defendant moved that the plaintiff be required to elect as to which count set out in the complaint he intended to rely upon in the trial of the case, which motion was by the court overruled. Thereafter, to sustain the issues on his part, the plaintiff testified that about April 14, 1916, just before filing the defendant's final account as special administratrix he called her attention to the fact that he was entitled to an attorney fee for the services which he had rendered to her in that capacity, and that she asserted it was her wish not to divide the fees or pay out anything until the estate was finally settled, and then for the amount of plaintiff's fee to be submitted for determination to the judge of the court administering upon the estate; that it was mutually agreed between plaintiff and defendant that such course should be pursued in determining the amount of such fee; and that thereafter the judge of the court above mentioned did determine said amount as the sum of $2,500, but that the defendant has not paid the same, nor any part thereof.

The testimony on the part of the plaintiff further disclosed that the value of the estate of John B. Sattes, deceased, was appraised in the probate proceedings at the sum of $31,906.10. This estate consisted of $4,142 in cash, houses and lots appraised at $2,000, outstanding claims in favor of the estate

amounting to $750, and the balance was composed of interests in numerous patented mining claims located in Silver Bow county. Two witnesses who duly qualified so as to entitle themselves to express an opinion as to the value of the various mining interests placed the value of the whole estate as high as $49,433.35.

Three members of the bar of Silver Bow county, in response to hypothetical questions put to them, detailing the services which the plaintiff had rendered to the defendant in connection with the Sattes estate, and also the value of the estate as returned in the inventory and appraisement, as well as the values placed thereon by the expert witnesses, testified that the reasonable value of the plaintiff's services was in excess of $3,000.

The defendant, as a witness in her own behalf, testified that she engaged the plaintiff to act as her attorney in connection with her duties as special administratrix and also as executrix of the will in the Sattes estate; that he acted as such from the inception of the probate proceedings in February, 1916, down to the twenty-eighth day of March, 1917, when the estate was ready to be closed, at which time she discharged him; that on numerous occasions during the progress of the administration she tried to get the plaintiff to state what amount he was going to charge her for his services as such attorney, and that on each occasion he replied that he could not fix the fee, that he would leave it to the court. In the course of her direct examination, the defendant in one place testified as follows: "Q. Did you ever agree with Mr. Fitzgerald, in his office along in April, 1916, to leave the fixing of his attorney fees to the probate judge or the probate court? A. Well, I didn't tell—I didn't know what to do. Q. Well, did you make such an agreement in April, 1916, with Mr. Fitzgerald in his office, about the time the will was admitted to probate? A. Well, I don't know; I just let it go as it was, you know; he said he was going to leave it to the court, and I of course, let it go." In the course of her cross-examination the de-

fendant identified her report as special administratrix of the Sattes estate, filed April 15, 1916, and the same was read in evidence, in which report she requested that the fees and compensation of the plaintiff as her attorney be reserved until the final administration of the estate, without any waiver of said attorney's fees for said services. As a part of the cross-examination of the defendant there was also introduced in evidence a petition, signed and verified by her and Fred Sattes, a brother of the deceased and one of the two residuary legatees named in the will, addressed to the district court of Silver Bow county, filed March 20, 1917, which after reciting the progress of the administration of the estate, the value thereof, the employment of the plaintiff as her attorney and the services rendered by him, prays the court to ascertain and fix the reasonable value of the plaintiff's services, and authorize her to pay the same. In reference to this petition, defendant testified that when she signed it, she did not know that it was a petition calling for judicial action to determine the amount of the attorney fee, but signed it because plaintiff told her that she had to do it to get the estate closed up. The defendant was also asked on cross-examination with reference to a conversation alleged to have been held between her and plaintiff at the plaintiff's office in the presence of three witnesses, on March 26, 1917, in which it was claimed she admitted that she had agreed to let the probate judge, or court, fix the amount of the plaintiff's fee, and the defendant denied the same. In rebuttal, the plaintiff produced the three witnesses alleged to have been present at the time of the alleged conversation, who testified that defendant did make such statement.

A member of the bar of Silver Bow county testified on behalf of defendant that in his opinion the sum of $200 would be a reasonable fee to be allowed to plaintiff for his services rendered to the defendant.

Upon this state of the evidence the case was submitted to the jury, which returned a verdict in favor of plaintiff for

the sum of $2,500, upon which a judgment was entered against the defendant. Defendant moved for a new trial, which was overruled by the court, and from this judgment and the order overruling the motion for new trial, the case is before this court on appeal.

It is contended by counsel for defendant that the court [1] erred in not requiring plaintiff at the beginning of the trial to elect upon which count he would proceed to trial. Both counts are for the same purpose, against the same defendant, concern the same subject matter, and are for the same amount. It is settled by the decisions of this court "that the court may, in its discretion, permit the same cause of action to be stated in different counts in order to meet the exigencies of the case as presented by the evidence." (*Blankenship* v. *Decker*, 34 Mont. 292, 85 Pac. 1035; *Neuman* v. *Grant*, 36 Mont. 77, 92 Pac. 43.) And denial of a motion to elect is not error. (*Estrella Vineyard Co.* v. *Butler*, 125 Cal. 232, 57 Pac. 981; *Darknell* v. *Transp. Co.*, 18 Ida. 61, 108 Pac. 536.)

It is urged that the contract set up in the first count [2] of the complaint to the effect that the amount of the plaintiff's fee for services rendered to the defendant is against public policy, in that it contemplates the doing of a void, extrajudicial and unlawful act by the court and its officers. It is true that at the time the proceedings in the Sattes estate were pending in Silver Bow county, the probate court had no authority to fix the amount of the fee to be paid to an attorney for services rendered to an administrator or executor, and that jurisdiction to do so could not be conferred by consent. (*State ex rel. Eisenhauser* v. *District Court*, 54 Mont. 172, 168 Pac. 522.) In this case, however, there is no showing that the plaintiff relies upon any judicial determination of the amount of his fee by either court or judge. His testimony, which is the only testimony in the record as to the determination of the amount of the fee to be paid by defendant, is embraced in the following questions and answers:

"Q. Now, in connection with the agreement that you had with Mrs. Eisenhauser that your compensation should be fixed by the judge, by the court, was there a determination of the amount of compensation that you should receive, by the judge, pursuant to that agreement? A. Yes, sir. Q. What was the amount that was fixed as compensation that you should receive by reason of that agreement? A. $2,500. I have not received one cent from the defendant for any services that I rendered in connection with the administration of this estate."

Section 7508, Revised Codes of 1921, having reference to the consideration of contracts, provides: "When a consideration is executory, it is not indispensable that the contract should specify its amount or the means of ascertaining it. It may be left to the decision of a third person, or regulated by any specified standard." Under this statute it was competent for the plaintiff and defendant to agree upon and specify any person whom they might desire to determine the amount of plaintiff's fee. They might have designated the sheriff of the county, a bank cashier, or any other person. If the testimony of the plaintiff is to be believed, they did agree upon the judge of the probate court of Silver Bow county. We fail to see where there is anything in this contract which was contrary to the express provisions of the law; or contrary to its policy; or otherwise contrary to good morals. (Sec. 7553, Rev. Codes 1921.)

We shall next consider the alleged errors of the court in [3] admitting proof of the value of the Sattes estate. This testimony was introduced for the sole purpose of establishing one of the elements to be considered by the jury in determining the value of plaintiff's services under the second count of the complaint, and as such it was properly allowed to be presented to the jury. (*Forrester & MacGinniss* v. *Boston & Mont. Co.,* 29 Mont. 397, 74 Pac. 1088, 76 Pac. 211, 409; 6 C. J. 750.)

Numerous other errors are assigned upon the rulings of the court in admitting or refusing to admit testimony. To con-

sider these various assignments in detail would unnecessarily prolong this discussion. After giving them all consideration, we do not find any prejudicial error 'in the rulings of the court. The same statement may be made in reference to the instructions. Considering them all together, we think the law, as applicable to the facts in the case, was correctly and fully declared to the jury.

Finally, it is contended by appellant that the evidence in the case is insufficient to justify the verdict; that the same is excessive and could not have been given except through passion and prejudice; and that for these reasons the court erred in denying the motion for a new trial.

As to the insufficiency of the evidence, the substance of all of the testimony introduced has already been set out, and it is fairly to be deduced therefrom that it preponderates in [4] favor of the plaintiff. At best, it is sharply in conflict, and under the rule frequently announced by this court, the verdict of the jury is conclusive upon appeal. (*Western Mining Supply Co.* v. *Melzner,* 48 Mont. 174, 136 Pac. 44; *Lizott* v. *Big Blackfoot Milling Co.,* 48 Mont. 171, 136 Pac. 46.)

Notwithstanding the foregoing determination of the matters presented in this record, we feel disposed to say that in our opinion the amount of the fee claimed by plaintiff is much larger than the conditions reasonably warranted; and that in spite of the agreement and the determination of this suit, the probate court would have been amply justified in refusing to allow the defendant any such an amount as a proper charge against the Sattes estate upon the final settlement of her account. However, upon the case now here, the court is without authority to modify the judgment. It was within the power of the plaintiff and defendant to make any contract which they saw fit, so long as 'it was not illegal or against [5] public policy. The duty of the court is to interpret and enforce contracts for the parties, not to make new ones for them or to alter or amend those which they themselves have made.

There being no error in the record, we recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

*Affirmed.*

Rehearing denied May 12, 1922.