McCORMICK ET AL., RESPONDENTS, *v.* SHIELDS, APPELLANT.

(No. 4,745.)

(Submitted March 11, 1922.   Decided March 27, 1922.)

[205 Pac. 831.]

*Pleading and Practice—Defenses—Another Action Pending—*
*—Striking Defense—When Improper.*

Pleading and Practice—Defenses—Another Action Pending—Motion to
Strike—Demurrer.
   1.   Where the plea of another action pending is open to the objec-
tion of being sham, irrelevant and redundant, it may, under section
9166, Revised Codes of 1921, be stricken on motion; where, however,
the sufficiency of the plea is sought to be tested, the proper practice
is to demur.
Same—Another Action Pending—Overruling of Demurrer—Duty of De-
murrant.
   2.   If the sufficiency of the plea of another action pending is sus-
tained on demurrer, the demurrant must put in issue the allegations
of the special defense, or allege facts from which it would appear
*prima facie* that the former action has been finally determined;
otherwise the defense will be deemed admitted, resulting in an abate-
ment of the action.
Same—Another Action Pending—Defense Improperly Stricken, When.
   3.   Under section 9821, Revised Codes of 1921, providing that an
action is deemed pending from its commencement until its final de-
termination on appeal, or until the time for appeal has passed, unless
the judgment is sooner satisfied, *held,* that the court erred in striking
the defense of another action pending between the same parties upon
the same cause, where defendant alleged that the judgment in that
action in his favor had not been satisfied, and it appearing from the
record that the time for appealing had not passed.

*Appeals from District Court, Silver Bow County; Edwin M.*
*Lamb, Judge.*

ACTION by Agnes McCormick and another against E. S.
Shields.   Judgment for plaintiffs and defendant appeals from
it and an order denying his motion for a new trial.   Reversed
and remanded.

Cause submitted on briefs of Counsel.

*Mr. William Meyer,* for Appellant.

   The court erred in striking from the answer of defendant
the affirmative matter pleaded therein and thereafter, upon

the trial, sustaining objection to appellant's offer of proof which was in support of the allegations of said affirmative defense. (Secs. 7188, 7099, Rev. Codes 1907; *Peterson* v. *City of Butte,* 44 Mont. 129, 120 Pac. 231; *Murray* v. *City of Butte,* 51 Mont. 258, 151 Pac. 1051; *Lewis* v. *Steele,* 52 Mont. 300, 157 Pac. 575; *Schwede* v. *Hemrich,* 29 Wash. 124, 69 Pac. 644, 645; 15 C. J. 300, sec. 742; 1 C. J. 1171, note 46.)

*Mr. Clarence Hanley* and *Mr. Charles O'Neill,* for Respondents.

The question whether the defense pleaded was sufficient to cause an abatement or bar to the present action was determined by the trial court with full knowledge of the fact that said judgment was one of dismissal only, and not one on the merits. The judgment and the judgment-roll in the prior action were before the court upon the hearing of the motion to strike. The trial court granted the motion to strike, and we submit that under authority of *Peterson* v. *City of Butte,* 44 Mont. 129, 120 Pac. 231, the motion was properly granted. (See, also, *Gutheil* v. *Gilmer,* 27 Utah, 628, 76 Pac. 628; *Moore* v. *Hopkins,* 83 Cal. 270, 17 Am. St. Rep. 248, 23 Pac. 318; 1 R. C. L. 11, par. 2; *Wilson* v. *Milliken,* 103 Ky. 165, 82 Am. St. Rep. 578, 42 L. R. A. 449, 44 S. W. 660; *Crossman* v. *Universal Rubber Co.,* 127 N. Y. 34, 13 L. R. A. 91, 27 N. E. 400.)

MR. COMMISSIONER HORSKY prepared the opinion for the court.

On November 23, 1919, plaintiffs commenced an action in the district court of Silver Bow county, Montana, against the defendant to recover the sum of $500 and interest from August 12, 1918. Plaintiffs alleged in their complaint that they were the owners of certain real property situated in Silver Bow county; that the defendant, through Mary Sullivan, mother of the plaintiffs, was engaged to and did sell said property to one James Keefe, for the sum of $1,000, for

the sale of which property the defendant was entitled to a commission of $50; that defendant received said sum of $1,000, but has failed and refuses to pay plaintiffs more than $450; and that there is a balance due them of $500. It is also alleged that, prior to the commencement of this action, plaintiffs demanded of defendant the balance due, but that defendant refuses to pay the same.

Defendant appeared by answer, wherein he admitted that plaintiffs were the record owners of the property described in the complaint; that he refused to pay to plaintiffs or to Mary Sullivan the sum of $1,000, and then denied generally the other allegations in the complaint. As a further and affirmative defense to the cause of action set forth in the complaint, defendant alleged that plaintiffs, on the twenty-first day of July, 1919, instituted and filed in the district court of Silver Bow county an action against the defendant upon the same and identical cause of action sued upon in the present action; that defendant recovered judgment in that action for the sum of $13.50; that said judgment has never been paid or satisfied; and that said action was then pending in the district court of Silver Bow county. This action was designated in the files of the court, as No. A–11315.

Plaintiffs made a motion to strike the affirmative defense, on the ground that the same was "sham, irrelevant, redundant, and surplusage," which motion was by the court granted. Defendant excepted to the ruling of the court granting the motion to strike, and in due time served and filed his bill of exceptions to said ruling. The cause was tried to a jury, and plaintiffs had a verdict and judgment. Defendant appeals from the judgment, and from an order denying his motion for a new trial.

The first contention made, and the only one that need be considered on this appeal, is that the court erred in striking out the affirmative matter in defendant's answer.

Counsel for both parties to this action assume that the question of the sufficiency of the plea of another action pend-

[1] ing, interposed by defendant, was properly raised in the lower court, and it is for that reason that we are disposed to consider the matter at all. However, before considering the main contention, and in order that this court may not be misunderstood in this connection, we feel it is due the profession to say that, where such a plea is open to the° objection of being sham, irrelevant and redundant, it may be stricken on motion (Rev. Code 1921, sec. 9166); the effect of the granting of such a motion being that it is improper to interpose such a plea at all; but where, as in this case, it is the purpose of the party to test the sufficiency of the plea in matters of form or substance, the proper practice is to demur. "If the plea is insufficient in form or substance, the proper course is to demur." (1 Ency. Pl. & Pr. 772.) If the plea is found not [2] open to the objections specified in the demurrer, it is then incumbent upon the demurrant to put in issue the allegations of the special defense, or allege facts from which it would appear *prima facie* that the former action had been finally terminated; otherwise the special defense would be deemed to have been admitted, and cause an abatement of the action in which the special defense was interposed.

Defendant alleged in his answer as an affirmative defense [3] that, prior to the commencement of the present action, another action had been instituted by plaintiffs against the defendant for the same cause, in which action a judgment for the sum of $13.50 in favor of ·the defendant had been rendered and entered, and that the same had not been paid or satisfied. We believe that the facts pleaded in this special defense were, if true, sufficient to show that cause No. A–11315 was pending and undetermined.

Our statute (sec. 9821, Rev. Codes 1921) provides as follows: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." Of this section this court, in *Peterson* v. *City of Butte*, 44 Mont. 129, 120 Pac. 231, said: "Though a

judgment is defined as the final determination of rights of the parties in an action or proceeding (section 6710), the action must be regarded as still pending, within the meaning of section 7188, *supra,* until the happening of one or more of the events enumerated therein.'' Assuming, as we must in this case, that no appeal had been taken in the first action, and the record disclosing that the time for appealing had not passed (Rev. Codes 1907, sec. 7099), cause No. A–11315 was pending at the time the defendant interposed his special defense, unless the judgment had been previously satisfied. Defendant alleged in his answer that it had not been. It was then, as said-by this court in the *Peterson Case, supra* ''incumbent upon the plaintiff to put in issue the allegations of defendant's special defense, or to allege facts from which it would appear *prima facie* that the former action had been finally terminated.'' Instead, the court, at plaintiff's instance, struck from the answer the affirmative defense pleaded therein, thereby preventing the matter from being made a triable issue in the case. If the judgment in cause No. A–11315 had not been satisfied at the time of the interposition of defendant's special defense, that action was still pending within the meaning of the statutes and decisions of this court, and afforded a conclusive reason why the lower court should not have entertained the present action. (See, also, *Murray* v. *City of Butte,* 51 Mont. 258, 151 Pac. 1051.)

The above renders unnecessary the consideration of specifi-

The above renders unnecessary the consideration of specifica-remaining alleged errors assigned, and find them wholly without merit.

We recommend that the judgment and order be reversed and the cause remanded to the lower court, with directions to grant a new trial.

Per Curiam: For the reasons given in the foregoing opinion, the judgment and order are reversed and the cause is remanded to the lower court, with directions to grant a new trial.

*Reversed.*