FLATT, RESPONDENT, *v.* NORMAN ET AL., APPELLANTS.

(No. 6,896.)

(Submitted February 10, 1932. Decided March 7, 1932.)

[11 Pac. (2d) 798.]

544

*Mr. R. C. Dillavou* and *Mr. H. L. Myers,* for Appellants, submitted an original brief, a reply brief and a supplemental reply brief; *Mr. Myers* argued the cause orally.

*Mr. C. L. Harris,* for Respondent, submitted an original and a reply brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to foreclose a real estate mortgage. The appeal is by defendants from a judgment in favor of plaintiff.

There is but one question presented by the appeal, viz.: Did the court err in sustaining plaintiff's motion to strike certain portions of the answer? It is, therefore, necessary to analyze in detail the pleadings, and particularly the answer.

The complaint is in the usual form in foreclosure actions. It alleges that defendants, on March 1, 1925, executed and delivered to plaintiff a promissory note in the sum of $6,000, payable three years from date, with interest payable semi-annually at the rate of 6 per cent. per annum; that to secure its payment defendants, at the same time, executed a mortgage on three tracts of described real estate in Treasure county; that interest has been paid on the note to March 1, 1928, and that the principal and interest since March 1, 1928, is due and unpaid. The complaint was filed September 30, 1929.

The answer consists of three separate defenses. In each of them defendants admit the execution by them of the note and mortgage. In the first defense, after admitting the execution of the note and mortgage, it is denied that there is anything due plaintiff from defendants, and it is then alleged that *"the said note was secured from defendants through false and fraudulent misrepresentations, and immediately upon the discovery of said fraud the said defendants rescinded said contract and the lands described in said mortgage have been deeded back to the plaintiff and that the said note and mortgage is fully paid and cancelled thereby."*

In the second defense the same admissions and denials contained in the first defense are repeated, and it is then alleged: "That the note and mortgage set forth in plaintiff's complaint was given as part of the purchase price of the lands described in said mortgage and that just prior to the time of giving said note and mortgage and while the plaintiff and the defendant W. E. Norman were negotiating for the trade of certain real estate properties, including the lands described herein, that the plaintiff in this action in order to induce the defendants to make said trade and purchase the land described herein, showed to the defendant W. E. Norman a certain tract, piece, or parcel of land and falsely and fraudulently represented to the defendant W. E. Norman that the property shown was the property being sold and traded and the property covered by the description given in said mortgage. That the plaintiff was well acquainted with the lands described in said mortgage and was the owner thereof and knew that the property shown was not the property being sold; that the said W. E. Norman was unfamiliar with lands in that vicinity and had no means of identifying the same except as they were pointed out to him by the plaintiff. That relying upon the representations of this plaintiff that the lands shown him were the lands which he was purchasing and trading for, the said W. E. Norman did thereafter enter into an agreement for the purchase thereof and did purchase and trade for the same and did give this mortgage as part payment thereof. That the lands shown the defendant W. E. Norman were well located, with a large percentage of the land tillable, and bench lands, in the alfalfa seed district, and valuable lands, and that the lands covered by the deed and mortgage were lands of poor quality, rocky, and not tillable. That the said defendant W. E. Norman and his successors in interest did not visit said lands thereafter and had no knowledge of the deceit or fraud until the summer of 1929, and that immediately upon discovering the said mistake, error and fraud, the said W. E. Norman and his successors in interest, Harriet Brockway and W. E. Warner, rescinded the

said contract and notified the said plaintiff, H. S. Flatt, that they had discovered said fraud and were rescinding the same, and did immediately reconvey by good and sufficient deed to the said H. S. Flatt the property described in plaintiff's mortgage and complaint, and did place the said deed of record in the office of the county clerk and recorder of Treasure county, Montana, the county in which said lands are located, and did notify the said H. S. Flatt that the said deed had been executed and recorded and that they were demanding from him the return of the consideration given therefor. That the title record to said property now stands in the name of H. S. Flatt. That since making and executing the said note and mortgage the defendants have paid to the plaintiff the sum of One Thousand Ninety ($1,090) Dollars to apply on said mortgage and interest, and have paid taxes in the amount of Three Hundred ($300) Dollars on said lands, all of which payments were made by reason of the fraud and deceit practiced on defendants by said plaintiff and the defendants have been damaged thereby in said amount."

The third defense, after admitting the execution of the note and mortgage and denying the other allegations of the complaint, alleges that the note and mortgage were given as a part of the purchase price of the land described in the mortgage. It sets out more in detail the fraud pleaded in the second defense. It alleges that the mortgaged lands "were approximately a mile distant" from the lands shown to defendant W. E. Norman. It reiterates the difference between the character of the mortgaged land and that shown to defendants as alleged in the second defense. It, also, in addition to what is alleged in the second defense, alleges that, before the starting of this suit, the plaintiff was indebted to B. G. Brockway in the sum of $600, real estate commissions due, and that for value received the said B. G. Brockway assigned and transferred that account to these defendants who are now the owners and holders thereof, which amount is now due and owing to the defendants from the plaintiff.

On motion of plaintiff that the allegations were sham, irrelevant, redundant, immaterial and frivolous, and that they did not constitute a legal defense, the court ordered stricken from the answer the italicized portion of the first defense and all of the second and third defenses.

The statutory authority for striking out the whole or any part of a pleading is found in section 9166, Revised Codes of 1921, which provides: "Sham and irrelevant answers and replies, and irrelevant and redundant matter inserted in a pleading, may be stricken out, upon such terms as the court may, in its discretion, impose."

Arguments in the briefs of counsel have taken a wide range. On behalf of plaintiff it is contended that a motion to strike is for all purposes the same as a demurrer, and he argues that for several reasons the alleged defenses, taken separately or collectively, fail to state facts sufficient to constitute a defense. Defendants, on the other hand, contend that, unless the defenses are "sham and irrelevant," or unless the matters in them are "irrelevant and redundant," the court was in error in sustaining the motion. It is necessary for us, therefore, to determine, first, whether a motion to strike is in all respects the same as a demurrer.

That a motion to strike, save on the ground that the allegations are sham, has the same effect as a demurrer, in so far as the allegations stricken must be deemed to be true, there can be no doubt. (*Como Orchard Co.* v. *Markham,* 54 Mont. 438, 171 Pac. 274; *Downs* v. *Nihill,* 87 Mont. 145, 286 Pac. 410.) And where the defensive matter can under no theory constitute a defense to a cause of action, it is properly stricken (*Security State Bank of Roy* v. *Melchert,* 67 Mont. 535, 216 Pac. 340), for then it obviously becomes irrelevant (*State* v. *American Surety Co. of New York,* 78 Mont. 504, 255 Pac. 1063). Also, a motion to strike has the effect of a demurrer to the extent of permitting a review of the court's action on appeal from the judgment. (*Bank of Commerce* v. *Fuqua,* 11 Mont. 285, 28 Am. St. Rep. 461, 14 L. R. A. 588, 28 Pac. 291.)

In *Fitzgerald* v. *Eisenhauer*, 62 Mont. 582, 206 Pac. 685, 686, appears this language: "In our opinion no useful purpose would be subserved by a discussion of these alleged separate defenses and counterclaims. They have had consideration, but we do not believe that either of them contains a sufficient statement of facts to entitle the defendant to any affirmative relief against the plaintiff, and therefore the court did not commit error in sustaining the motion to strike them from the answer." Examination of the record in that case, however, discloses that the affirmative defenses and counterclaims were not stricken on motion, but a general demurrer thereto was sustained. The notion, however prevalent, that a motion to strike is for all purposes the same as a demurrer, is erroneous. Under our statutes, the demurrer and motion each has its own separate and distinct office. (*Plymouth G. Min. Co.* v. *United States F. & G. Co.*, 35 Mont. 23, 10 Ann. Cas. 951, 88 Pac. 565.)

What was said in *McCormick* v. *Shields*, 63 Mont. 9, 205 Pac. 831, 832, may well be repeated here: "However, before considering the main contention, and in order that this court may not be misunderstood in this connection, we feel it is due the profession to say that, where such a plea is open to the objection of being sham, irrelevant, and redundant, it may be stricken on motion (Rev. Code 1921, sec. 9166); the effect of the granting of such a motion being that it is improper to interpose such a plea at all; but where, as in this case, it is the purpose of the party to test the sufficiency of the plea in matters of form or substance, the proper practice is to demur. 'If the plea is insufficient in form or substance, the proper course is to demur.' (1 Ency. Plead. & Prac. 772.)"

Therefore, in order to determine whether the motion to strike was properly sustained, we must look to see whether the matters stricken were sham, irrelevant or redundant. (Sec. 9166.) A sham pleading, within the meaning of this section, is "such as appears manifestly and inherently sham by reason of its incompatibility with the law, or the nature and condition of things within the judicial knowledge, or appears to be

false by comparison with other declarations of the pleadings; and these conditions should appear upon a consideration of the pleadings alone." (*McDonald* v. *Pincus*, 13 Mont. 83, 32 Pac. 283, 284. And see *Sweetman* v. *Ramsey*, 22 Mont. 323, 56 Pac. 361.) Irrelevant matter is that which has no connection with the cause of action. (*Sweetman* v. *Ramsey*, supra.) Redundant matter is that which is unnecessary or superfluous. (*Sweetman* v. *Ramsey*, supra.)

Applying these definitions to the facts here alleged, we must say, as was said in the case of *Sweetman* v. *Ramsey*, that the allegations stricken were not sham, for they do not appear from the pleadings alone to be false; they have connection with the cause of action and are not, therefore, irrelevant; and we cannot say that the allegations are unnecessary or superfluous, except as hereafter pointed out, and therefore redundant.

There is much discussion in the briefs of counsel as to whether the affirmative defenses state facts sufficient to constitute a defense. As above indicated, that is not a ground for a motion to strike, unless the allegations are also "sham, irrelevant and redundant."

"A motion to strike is not the proper method of attacking a pleading which is merely insufficient to state a cause of action or defense, or which is defective in form, where the objection may be reached upon demurrer, or if the pleading is susceptible of being amended by a statement of facts known to exist and which constitutes a cause of action or defense." (21 Cal. Jur. 242. And see *Allerton* v. *King*, 96 Cal. App. 230, 274 Pac. 90.) "While a motion to strike out a pleading or a paragraph thereof is, in some jurisdictions, and for some purposes, equivalent to, or in the nature of, a demurrer, it cannot ordinarily take the place of, or be used interchangeably with, a demurrer." (49 C. J. 686; and see 21 R. C. L. 597.) Bancroft in his excellent work on Code Pleading said: "As a general rule, the office of the motion to strike out is not to test the sufficiency of a pleading; the motion relates to matters collateral or preliminary to the issue and is not

directed against the causes of action or defense as a whole to test its sufficiency. The motion is not a substitute for a general demurrer.'' (Bancroft's Code Pleading, sec. 607; and see sec. 617.)

The asserted defects in the answer, if in fact they be such, are all matters that go to the form and substance of the pleading and may be cured by amendments, and should be reached by demurrer.

It is also urged by plaintiff that, since the mortgaged land ■ covers three widely separated tracts of land, the allegation in the answer that plaintiff showed to defendants land a mile away from that covered by the mortgage presents an impossibility. We think at most the situation presents an ambiguity or uncertainty in the pleading, and that upon motion or special demurrer defendants might have been compelled to make the defenses more definite and certain in this respect, but a motion to strike would not lie. (49 C. J. 690, note 18.)

It does not follow, however, that it was error to sustain the ■ motion in part. Careful analysis of the answer convinces us that proof offered under the third defense would also establish the allegations of the second defense, as well as the allegations stricken from the first. It was, therefore, proper to sustain the motion in so far as it applied to the matters stricken from the first defense and in so far as it resulted in striking out all of the second defense, the same being redundant or repetitious. (*Larson* v. *Marcy,* 61 Mont. 1, 201 Pac. 685; and see 49 C. J. 711.) Whether the third defense is vulnerable to demurrer, general or special, is a question not now involved and is one upon which we express no opinion, but it is not subject to a motion to strike.

The judgment is reversed and the cause remanded, with direction to modify the order sustaining the motion to strike in accordance with the views herein stated.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Matthews concur.

ON REHEARING.

(Filed June 3, 1932.)

MR. JUSTICE GALEN delivered the opinion of the court.

In attempting to plead a cross-complaint against the plaintiff, the defendants' answer is defective, in that the allegations upon which the defendants base their right of recovery from the plaintiff are all run together as affirmative defenses rather than the assertion of independent right of recovery from the plaintiff, separately stated, in form of a cross-complaint. As to the item of $600, alleged commissions due from the plaintiff to B. G. Brockway, and assigned to the defendants, see sections 9138, subdivision 2, and 9151, Revised Codes 1921. The answer is further defective in failing to allege that the defendants returned to the plaintiff or tendered to him everything by them received within a reasonable time after discovery of the alleged fraud. The answer is certainly not a model pleading; however, it is manifest that the court erred in sustaining the motion to strike, thus leaving the defendants stripped of defense asserted, however faulty the allegations. A motion to require the defendants to make the allegations of their answer more definite and certain, or a special demurrer, would have been proper; and in either event the defendants would not thereby have been denied right to make the defenses attempted to be pleaded, including their asserted cross-actions. When issues are properly framed, the defendants should be entitled to their day in court. Here the defendants were denied right of defense asserted, which amounts to a default judgment entered against them.

The original opinion, as amended by minute entry elimination of one paragraph, is reaffirmed and the conclusion reached therein sustained.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.