VALENCIA SERVICE COMPANY ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, HON. R. CORDOVÉS ARANA, JUDGE, Respondent; ARTURO ORTIZ TORO, Intervener.

No. 1708. Argued July 13, 1949.—Decided July 21, 1949.

*Wilson P. Colberg, Harry M. Besosa,* and *Harry B. Llenza* for petitioners. *M. Romany, C. Ruiz Nazario,* and *M. Acosta Velarde* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On September 14, 1946, at night, Arturo Ortiz Toro, an attorney at law practicing in this Island, sustained an accident while he returned from Mayagüez to San Juan. On such ground he brought an action for damages against Valencia Service Co. and New Amsterdam Casualty Company in which he maintained that the former is a corporation organized under the laws of Puerto Rico and the latter its insurer, and that the accident was due to the fact that the chauffeur who drove the truck of Valencia Service Co. and who traveled in the opposite direction did so negligently, leaving his left-hand side and invading plaintiff's right.

After the defendants were summoned they requested two extensions for answering, which were granted to them. In two subsequent occasions they requested bills of particulars and the lower court ordered that the same be served on them. They finally filed their answer on March 24, 1948, and set up therein that the person alleged to operate the truck at the time of the accident was not an employee of Valencia Service Company nor acted at the service of said company at the hour, place, and date involved in the complaint, inasmuch as said corporation did not exist at the time the cause of action arose. The plaintiff requested that said answer be stricken as sham and false, and by an order of April 21, 1949, the respondent court so decreed. Upon a reconsideration being sought, the same was denied.

In order to review said order the defendants filed in this Court a petition for certiorari and this Court on May 31 issued the following order:

"Although this Court has reached the conclusion that the lower court improperly granted the motion to strike out the answer as sham and false, wishing to hear the parties as to whether or not the plaintiff should be permitted to amend his complaint with the purpose of alleging that Valencia Service Company is a *sociedad* and not a domestic corporation, a period of 15 days is granted to them to submit a written report of what they may deem pertinent regarding said particular."

The written reports were filed by the parties and on the 24th of last month, we issued the corresponding writ of certiorari but stating, for the purpose of speeding the proceeding, that it would be understood that said proceeding would be submitted on the briefs filed.

■■ The only question to be decided is whether, since the plaintiff had alleged in his complaint that Valencia Service Co. is a corporation organized under the laws of Puerto Rico, he should be permitted now, due to the contention of the defendants, to amend his complaint for the purpose of eliminating such averment in its entirety or of alleging in its stead, that said Valencia Service Company is a *sociedad*, such as is shown by one of the exhibits sent up. Since the accident occurred on the above-mentioned date (September 14, 1946), it is unquestionable that if said amendment is not permitted and a separate complaint is filed against an entity which does not appear from the record, the action would have prescribed pursuant to the provisions of § 1868 of the Civil Code, 1930 ed.[1]

---

[1]. Section 1868 of the Civil Code, 1930 ed., provides in its pertinent part:

"The following prescribe in one year:

"1. _. . .

"2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1802, from the time the aggrieved person had knowledge thereof."

We have already stated than when the defendants were summoned they appeared to request, first, two extensions for answering and subsequently, two different bills of particulars. At that time they did not state anything of the nonexistence of such corporation. Meanwhile, time elapsed, and after the one-year term mentioned in said Section had already elapsed, it was alleged by the defendants that the driver of the truck had no connection with Valencia Service Co. and that said company was not a corporation. The defendants were aware at all times of the matter they finally raised. However, they appeared in court on four occasions possibly for dilatory purposes and it was only when the prescriptive period fixed by the Act had elapsed, that they raised such question. As we have already stated, our view is that the respondent court erred in striking the defendants' answer as sham and false.[2] See 2 Fed. Rules Service 644; *Western Gravel Co.* v. *M. J. Nolan Co.,* 219 N. W. 148; *Flatt* v. *Norman,* 11 Pac. 2d 798, 801. However the defendants knew from the beginning who was being sued. To characterize the Valencia Service Company as a domestic corporation when the truth was that said corporation did not exist and that there was involved a *sociedad,* in nowise could induce them to error. In furtherance of justice and given the surrounding circumstances, the plaintiff should be permitted to amend his complaint in the above-indicated manner. *United States* v. *A.H. Fischer Lumber Co.,* 162 Fed.2d 872, 10 Fed. Rules Service 32; *Bowles* v. *Underwood Corp.,* 9 Fed. Rules Service 80; *Porter* v. *Theo J. Ely Mfg. Co.,* 9 Fed. Rules Service 319; *Blackwood* v. *Spartanburg Commandery,* 193 S. E. 195, 121 A.L.R. 1320, 1329; *N. Y. Cent. R. R.* v. *Kinney,* 260 U. S. 340, 346; 39 Am. Jur. 1002.

---

[2] Rule 11 of the Rules of Civil Procedure provides that ". . . If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served."

The decision appealed from should be set aside and the plaintiff granted a period of 10 days to amend the first paragraph of his complaint.